IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS

JACKIE SAMPLE,

24cv12470
Judge Sunil R. Harjani
Magistrate Judge Heather K. McShain
Cat 2 Random Assignment

PLAINTIFF,

V.S

DR. MADISON SAMPLE, ATTORNEY JOHN CONNIFF, JOHN
CONNIFF LAW OFFICE, ATTORNEY MEIGHAN HARMON,
ATTORNEY TRACEY WERTZ, SCHILLER, DUCANTO & FLECK
LLP, ATTORNEY MATTHEW ELSTER, ATTORNEY KATHRYN
MICKELSON HOMBURGER, BEERMANN LLP, ATTORNEY
ASHONTA RICE, AKIWOWO LAW GROUP, P.C, ATTORNEY
ANDREW CORES LAW GROUP,
DUPAGE COUNTY COURTHOUSE, DUPAGE COUNTY,
UNNAMED DEFENDANT, JUDGE KENTON SKARIN,
UNNAMED DEFENDANT, JUDGE JAMES OREL, AND
UNNAMED DEFENDANT, ATTORNEY MASAH SAMFORAY,

DEFENDANTS

**FILED**

DEC 04 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

COMPLAINT PARTIES

a. Plaintiff: Jackie Sample, resident of 9476 Falling Water Dr. E, Burr Ridge, IL 60527.
b. Defendant: Dr. Madison Sample, resident of 12638 Talbot Cir, Plainfield, IL 60585, Last known address.
c. Defendant: Attorney John Conniff, licensed attorney practicing at Law Offices of John A. Conniff, 77 West Wacker, Ste 4500, Chicago, IL 60601.
d. Defendant: Schiller, Ducanto & Fleck LLP, law firm based at 321 N. Clark, Ste 1200, Chicago, IL 60654.
e. Defendant: Attorney Meighan Harmon, licensed attorney practicing at Schiller, Ducanto & Fleck LLP, law firm based at 321 N. Clark, Ste 1200, Chicago, IL 60654.
f. Defendant: Attorney Tracey Wertman, licensed attorney practicing at Schiller, Ducanto & Fleck LLP, law firm based at 321 N. Clark, Ste 1200, Chicago, IL 60654.
g. Defendant: Beermann LLP, law firm based at 161 N. Clark Street, Unit 3000, Chicago, IL 60601.
h. Defendant: Attorney Kathryn Mickelson Homburger, licensed attorney practicing at Beermann LLP, law firm based at 161 N. Clark Street, Unit 3000, Chicago,
i. Defendant: Attorney Matthew Elster, licensed attorney practicing at Beermann LLP, law firm based at 161 N. Clark Street, Unit 3000, Chicago,
j. Defendant: Attorney, Ashonta Rice, licensed attorney practicing at Akiwowo Law Group, P.C. 7711 159th Pl, Tinley Park, IL 60477
k. Defendant, Andrew Cores, licensed attorney practicing at Andrew Cores Family Law Group, law firm based at 400 S County Farm Rd, Ste 200 Wheaton, IL 60187
l. DuPage County Courthouse 505 N County Farm Rd. Wheaton IL 60187
m. DuPage County 421 N County Farm Rd, Wheaton, IL 60187
l. Unnamed Defendant, Judge Kenton Skarin 505 N County Farm Rd. Wheaton IL 60187
m. Unnamed Defendant, Judge James Orel 505 N County Farm Rd. Wheaton IL 60187
n. Unnamed Defendant, Attorney Masah SamForay
o. Unnamed Defendant, Attorney Alycia Fitz


**Jurisdiction and Venue**
1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action involves federal questions under laws of the United States.
2. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

2

PERSONAL STATEMENT:

This case involves clear collusion between the defendants, including attorneys who have committed significant legal malpractice and negligence, causing substantial harm to me. Their breach of fiduciary duty is evident in their actions, such as missing critical deadlines, failing to properly investigate the case, mishandling key aspects, and neglecting to disclose conflicts of interest. Additionally, the defendants have failed to correct falsified statements, altered court orders, and willfully filed falsified documents with the court. These egregious actions have resulted in significant financial loss, legal harm, emotional and psychological trauma, and overall damage to my well-being as well as providing Dr. Madison Sample the opportunity to flee the jurisdiction with my share of marital assets.

Furthermore, my case is deeply entrenched in discrimination, bias, and systemic inequalities rooted in racism and sexism. These pervasive biases have led to unequal treatment, collusion, and the denial of fundamental rights, which have severely undermined my access to fair legal representation, due process, and justice. The systemic injustices at play have perpetuated disparities that have caused irreparable harm to my well-being, financial stability, and fundamental human rights.

Since the outset of this case, my spouse, Dr. Madison Sample, has flagrantly disregarded court orders and acted with impunity. Dr. Sample has been permitted to dissipate hundreds of thousands of dollars then abscond with millions more, and flee the jurisdiction without consequence. Dr. Sample unilaterally seized control of over five million dollars ($5,000,000) in digital currency, which has since grown in value to over fifteen million dollars ($15,000,000). Business interests and partnerships, including undisclosed involvement with companies such as Careskore—which reported $39.8 million in revenue in 2021, and $48,000-$70,000 income per month willfully remain concealed from the court records to defraud, Plaintiff, Jackie Sample. Despite clear evidence and repeated warnings, the court has failed to enforce its orders or hold Dr. Sample accountable, allowing these violations to persist unchecked.

This case has been marked by a disturbing pattern of collusion among attorneys John A. Conniff, Matthew Elster, and Katheryn Nicholson Homburger of Beermann LLP, in collaboration with Judge James Orel and other defendants. Their actions include coercive control, targeted harassment, and financial abuse, employing manipulation, intimidation, and threats to coerce me into accepting an unjust settlement that overwhelmingly benefits Dr. Sample. Through financial deprivation, I have been denied access to medical insurance, necessary medications, food, utilities, and transportation, leaving me in a position of profound vulnerability and isolation. These defendants have also leveraged judicial power and professional threats to undermine my credibility and further marginalize me, resorting to tactics often directed against Black women in similar situations.

For example, I have lived under a constant threat of Judge James Orel incarcerating me when I arrive at court. I live in fear of people intimidating me by aiming their cell phones in my direction to record me inside of the courtroom and at the behest of Judge James

Orel and there is nothing I can do about it. I live in constant fear of not having food and utilities, especially heat, running water and internet as I am cut off from the world without transportation.

I live in fear because Unnamed Defendant, Judge Orel, Defendant, Dr. Madison Sample, Defendants, Attorneys John Conniff, Matthew Elster and Kathryn Nicholson Homburber of Beermann LLP have willfully interfered to deny me legal representation or an advocate in my case and inside of the courtroom. The consist actions of interference preventing Plaintiff, Jackie Sample from adequate legal representation is ongoing.

Defendant, Attorney Matthew Elster stating in court to Unnamed Defendant, Judge James Orel " I do not want another attorney on this case. I worked too hard on this case" Defendant, Dr. Madison Sample stating your attorneys won't make me do anything and the Judges and legal system would not protect me. Defendant, Attorney John Conniff's email stating I cannot have a legal advocate inside of the courtroom. Judge Orel ordering my domestic abuse advocate not to return to court.

I live with the fear of becoming homeless as Dr. Sample stole my share of marital assets and left me penniless. I cannot pay for the home that I spent three years building as a licensed General contractor and builder.

I live in fear of not having access to my prescriptions to treat medical conditions and prevent my health from further declining. I live in trauma being cut off from my elderly parents which I played a significant role in their lives. I live in trauma not being allowed to fully practice my religious belief as I am unable to attend worship services at times nor can I tithe as our shared practice in our christian faith is willfully being obstructed by Defendant, Dr. Madison Sample

The actions of these individuals have created a hostile and oppressive courtroom environment, systematically denying me dignity, respect, and fairness in the judicial process. The judicial misconduct and abuse of power exhibited by judges presiding over this case constitute a legal abomination. Judge James Orel, in particular, has demonstrated egregious judicial misconduct by ignoring critical filings from my former attorney and my own pro se submissions, despite overwhelming evidence of Dr. Sample's financial misconduct. Judge Orel went so far as to advise my former attorney to file guardianship documentation against me while I was ill and unable to appear in court—a gross overreach of judicial authority and an outright abuse of power. Both Judge Kenton Skarin and Judge James Orel have failed to enforce court orders, allowing Dr. Sample to close joint accounts, restrict my access to credit cards, steal millions in digital currency and business assets, and manipulate marital assets to my financial and emotional detriment.

The harm inflicted by the defendants is severe and ongoing, with profound and irreparable consequences for my life. Financial isolation has stripped me of access to resources necessary for my livelihood, including work tools, transportation, and essential funds. Deliberate and malicious actions have resulted in my property being driven into foreclosure as a means of control and manipulation. These relentless tactics have

caused psychological trauma, emotional duress, and significant mental anguish, leaving me in a state of devastation.

The urgency of this matter cannot be overstated. The defendants' calculated actions—financial deprivation, withholding basic needs, and employing coercive control—are deliberate attempts to strip me of my autonomy, dignity, and fundamental human rights. I have been systematically denied the right to stability, medical care, and a reasonable quality of life, all of which are basic tenets of humanity and justice.

This case represents a profound and shameful failure of justice, driven by systemic discrimination, judicial bias, and collusion. I have endured repeated and egregious violations of my civil, constitutional, and human rights. These injustices have left me financially devastated, emotionally broken, and stripped of the basic protections that the law is meant to provide.

I respectfully ask this Court to recognize the severity of these injustices, hold all defendants fully accountable for their actions, and grant the compensatory and punitive damages I am rightfully owed. Justice must prevail, not only to restore my life and dignity but to prevent such an abomination of the legal system from continuing to harm others.

I respectfully request this Court to hold all Defendants accountable for their egregious conduct and grant the following relief:

1. **Compensatory Damages**: To cover financial losses, medical expenses, and other tangible harm caused by all Defendants' actions.
2. **Emotional Distress Damages**: For the ongoing anxiety, mental anguish, emotional harm, and psychological trauma inflicted upon me.
3. **Punitive Damages**: To punish the Defendants and deter future misconduct of this nature.
4. Plaintiff asking the court to grant $50,000,00 in damages from Defendant, Dr. Madison Sample and $25,000,000 in damages from each Named Defendant included in this lawsuit for the following.

**NOW COMES the Plaintiff,** Jackie Sample, pro se, and respectfully submits this Motion to address violations of Plaintiff, Jackie Sample's Civil Rights,Human Rights, and Constitutional Rights; Racial Discrimination and Sexism; Theft of Insurance Policy Investments, changing the name of the beneficiary; Illinois Marriage and Dissolution of Marriage Act (IMDMA); and Due Process, as guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution. This Motion also addresses Wire Fraud, as defined under federal law (18 U.S.C. § 1343); Perjury under Illinois law (720 ILCS 5/32-2); Theft or Alteration of Record or Process (18 U.S.C. § 1506); Conspiracy Against Rights (18 U.S.C. § 241); Crime Victims' Rights (18 U.S.C. § 3771); and Possession of False Papers to Defraud the United States (18 U.S.C. § 1002), Coercive control and intimidation used 18 U.S.C 1506,18 U.S.C 1002, Altering court orders, Filing documents with falsified information 18 U.S.C 1001 Federal Law Criminalizing Perjury,  42 U.S Code 3617 Federal Law Code for Intimidation, 18 U.S.C 241 Two or More People Conspiring To Injure Someone, Cyber harassment, threats 18 U.S.C 2261A, 18 U.S.C 3771 Crime Victims Rights Federal Code Violation by Burr Ridge Police Department.
  Additionally, this Motion raises issues related to altering court orders, filing documents with falsified information, inadequate legal representation, legal misrepresentation, and potential collusion by the Defendant, attorneys, including John Conniff, Law Office of John A. Conniff, Meighan Harmon, Tracey Wertman, Schiller, Ducanto & Fleck LLP,  Matthew Elster, Kathryn Homburger, Beermann LLP,  Defendant, Attorney Andrew Cores, and other Unnamed parties, as well as the ongoing financial abuse and willful financial strangulation of Petitioner, Jackie Sample, inflicted by all Defendants and Unnamed Parties. In support of this Complaint, the Plaintiff states as follows:

3. Factual Background: Defendant, Dr. Madison Sample,
In this federal lawsuit, Plaintiff Jackie Sample asserts that her husband, Defendant, Dr. Madison Sample, and the Defendants named in this lawsuit have engaged in systematic harassment, intimidation, violations of The Plaintiff, Jackie Sample's, Civil Rights, Human Rights, and Constitutional Rights during their current divorce proceedings. Despite being entitled to, due process, The Plaintiff, Jackie Sample's fair share of marital assets, Plaintiff Jackie Sample has faced extensive financial hardship, financial strangulation, emotional and psychological distress, abusive coercive tactics, intimidation, targeted bullying and the denial of her basic needs due to Defendant Dr. Madison, other named and unnamed Defendant's financial misconduct, coercive control tactics and a deliberate campaign of targeted bullying against the Plaintiff, Jackie Sample.

4. Plaintiff's Background and Contributions
a. Career and Entrepreneurial Achievements: Prior to her marriage to Defendant, Dr. Madison Sample, Plaintiff Jackie Sample was a thriving entrepreneur with significant contributions to her community (Exhibit 1: Salon 119 & Spa Certificate
She owned and operated a successful hair salon, establishing a strong clientele and contributing to the local economy. In addition to her salon, Plaintiff Jackie Sample owned and managed multiple rental properties, generating consistent income for over twenty years.

In 2018, Plaintiff Jackie Sample was awarded a $200,000 Neighborhood Opportunity Grant aimed at revitalizing the West Pullman neighborhood in Chicago (Exhibit: 2 NOF $200K GRANT, BUILDER'S CONTRACT AND TEXT MESSAGES ACKNOWLEDGING PAYMENT OWED TO JACK'S HOUSING AND DEVELOPMENT FOR BUILDING MARITAL HOME).

b. This grant was intended for the completion of The Plaintiff Jackie Sample restaurant and bar project, LeKula Café, which aimed to create jobs and serve as a community hub. Due to the couple's shared religious practices, Christianity, Ephesians 5:23: "For the husband is the head of the wife as Christ is the head of the church, his body, and is himself its Savior" as defined in The Defendant, Dr. Sample and the Plaintiff, Jackie Sample's, Holy Covenant of Marriage Contract **(EXHIBIT 3: MARRIAGE CERTIFICATE).**

c. Plaintiff, Jackie Sample followed her husband's leadership and took a leave of absence from her career. The Plaintiff, Jackie Sample placed her entrepreneurial pursuits on hold at the Defendant, Dr. Madison Sample's request to oversee the construction of their marital dream home. This sacrifice reflects Plaintiff Jackie Sample's commitment to their shared faith, family values, and the marital partnership.

**5. Plaintiff's Jackie Sample Allegations Against Defendant, Dr. Madison Sample:**

a. Control Over Marital Assets: Shortly after moving into their marital home, Defendant Dr. Madison Sample initiated divorce proceedings, effectively seizing unilateral control over their joint financial resources. The Defendant, Dr. Madison Sample, disregarded an April 11, 2023 court order, took drastic measures, such as closing marital financial accounts, changing passwords on their home computer, dissipating financial accounts. The premarital property that was used for financial
gain during the marriage by Defendant Dr. Madison Sample is currently in foreclosure due to the defendant Dr. Madison Sample illegally taking unilateral control of the couple's marital estate, leaving Plaintiff Jackie Sample penniless.
**(EXHIBIT: 4 APRIIL 11, 2023 COURT ORDER, ACCOUNTS CLOSED BY MADISON SAMPLE, PARTIAL INCOME TAX RETURNS).**

b. The Defendant, Dr. Madison Sample is obstructing Plaintiff, Jackie's Sample access to millions of dollars in digital currency, marital investments, marital income and more(EXHIBIT 4) The Defendants of this lawsuit and Unnamed Parties are willfully withholding marital funds to prevent Plaintiff, Jackie Sample from pursuing legal remedies against the Defendants and Unnamed Parties, including this Federal Lawsuit. This financial control has placed Plaintiff, Jackie Sample in a dire situation, depriving her of essential resources to meet basic needs and more.**(EXHIBIT: 5 POSSIBLE COLLUDING WITH ATTORNEYS, DEFENDANT DENYING PLAINTIFF, JACKIE SAMPLE BASIC HUMAN NEEDS).**

c. Defendant Dr. Madison's Sample actions violate several court orders, specifically those dated April 11, 2023, January 5, 2024, and August 12, 2024, which mandated that the Defendant, Dr. Madison Sample, provide Plaintiff, Jackie Sample with financial support according to Defendant, Dr. Madison Sample's true income during the divorce process. He was also ordered to keep Plaintiff, Jackie Sample with health insurance, ordered to pay a monthly stipend on the first of each month, which Defendant, Dr. Madison Sample often disregard the following court orders and more. Defendant, Dr. Madison Sample was ordered to maintain Plaintiff's automobile, but failed to do so (**EXHIBIT:6 APRIL 11, 2023, JANUARY 5, 2024, AND AUGUST 12, 2024**).

d. The Plaintiff, Jackie Sample has been without work resources, including a working vehicle for months. Defendant, Dr. Madison Sample continues disregarding these orders and others, closing joint bank accounts and opening new accounts in his name alone further illustrates his intent to manipulate the divorce proceedings to his advantage. Plaintiff, Jackie Sample suffers financial harm from Defendant Dr. Madison Sample's psychological abuse, trauma, emotional abuse, and financial duress from Defendant, Dr. Madison Sample's financial strangulation.

6. Financial Misconduct:

a. Defendant Dr.Madison Sample has consistently submitted fraudulent financial affidavits in court, intentionally misrepresenting his income and assets to influence the outcome of the divorce proceedings. Despite being a highly compensated anesthesiologist of over thirty years, earning over $48,000 per month, The Defendant, Dr. Madison Sample has falsely reported his monthly income on three separate occasions. The Defendant, Dr. Madison Sample submitted falsified financial affidavits as low as approximately $12,000 per month, $24,000 per month, then $26,000 per month (**EXHIBIT 7: DEFENDANT, DR. MADISON SAMPLE JANUARY 25, 2024 PERJURY, THREE FALSIFIED FINANCIAL AFFIDAVITS,SOME DIGITAL CURRENCY OVER $5,00,000, BUSINESS PARTNERSHIP/OWNERSHIP, BUSINESS INVESTMENTS AND MORE**).

b. This gross underreporting is a clear attempt to minimize his financial obligations, mislead the divorce process, and defraud the court and his spouse, Plaintiff Jackie Sample. The Defendant, Dr. Madison Sample is willfully taking actions to prevent Plaintiff, Jackie Sample from receiving an equitable share of the Sample's accurate financial estate.

c. Additionally, Defendant Dr. Madison Sample has engaged in the dissipation of marital assets by making substantial withdrawals from marital assets. Defendant Dr.Madison Sample continually withdrew funds above the court order's limit on excessive hotel and Air bnb bookings, travel overseas for dating and frequent vacations. Defendant Dr. Madison Sample transferred funds overseas, committing wire fraud (**EXHIBIT 8: SQUANDERING DISSIPATION OF MARITAL INCOME AND ASSETS, HIDING INCOME, WIRE FRAUD, TRANSFERRING MONEY OVERSEAS, AND MORE**).

d. These actions violate explicit court orders designed to protect both parties' financial interests. His reckless financial behavior not only jeopardizes Plaintiff Jackie's Sample  financial security

but also undermines the integrity of the divorce process.The Defendant, Dr. Madison Sample, constantly used abusive tactics, coercive control, threats of financial ruin, and financial abuse, mental abuse, psychological abuse. Leveraging his financial control, Dr. Sample engaged in emotional duress, psychological abuse, financial strangulation and duress, and coercive tactics to pressure Plaintiff, Jackie Sample into accepting Defendant, Dr. Madison Sample's inequitable settlement offers.

e. Defendant, Dr. Madison Sample repeatedly threatened Plaintiff, Jackie Sample with financial ruins, ruining the Plaintiff, Jackie Sample's businesses if the Plaintiff, Jackie Sample did not accept the Defendant, Dr. Madison Sample's unreasonable offer, requiring the Plaintiff, Jackie Sample to walk away from millions in marital assets. The Defendant, Dr. Madison Sample used constant harassment and threats against the Plaintiff, Jackie Sample, including death threat and boasting of judicial influence that the Defendant, Dr. Madison Sample claims will protect him from any consequences for his actions, including criminal conduct. The Defendant, Dr. Madison Sample, insists on claiming The Plaintiff, Jackie Sample's, rightful share of the marital estate, jeopardizing The Plaintiff, Jackie Sample's, premarital assets.

f. This intimidation is designed to instill fear and compliance, reflecting an abusive dynamic in The Plaintiff Jackie Sampie and Defendant Dr. Madison Sampie financial relationship. Furthermore, Defendant Dr.Madison Sample has boasted about his connections within the legal system, suggesting that these ties will shield The Defendant Dr. Madison Sample from accountability. Defendant Dr Madison Sample has harassed Plaintiff, Jackie Sample, by mailing letters to friends and family crossing state lines from Indiana(federal law code 876)(**EXHIBIT**

**JUDICIAL THREATS, DEATH THREATS, INTIMIDATION, AND HARASSMENT.**
7. Defendant Dr. Madison's Sample Fraudulent Conduct, Hiding and Concealing Marital Assets, Concealment of Assets:
a. **(EXHIBIT 10: HIDING BUSINESS INVESTMENT, INTEREST, INCOME INCLUDING CARESKORE INTEREST ).** Defendant, Dr. Madison Sample, has engaged in fraudulent behavior by failing to disclose significant marital assets on his financial affidavits, including bank accounts, investments, and other financial resources. This concealment undermines the equitable distribution process and violates Illinois law. In fact, around 2015 Defendant, Dr Madison Sample partnered with CareSkore, which in 2021 netted about $39.5 million. Misrepresentation of Financial Status: Defendant Madison Sample has submitted falsified financial affidavits, misrepresenting his income and the value of marital assets. This deception not only violates legal standards but also obstructs Plaintiff, Jackie Sample's, ability to obtain a fair share of the marital estate. **EXHIBIT 11: CARESKORE 2021 REVENUE $39.8 MILLION**

b. Legal Obligations Under Illinois Law: Under the Illinois Marriage and Dissolution of Marriage Act (IMDMA), both parties in a divorce are legally required to provide full, accurate, and honest disclosure of all assets, liabilities, income, and expenses. This obligation is designed to promote transparency and fairness in the division of marital property.

c. Madison's Fraudulent Conduct: Concealment of Assets:
Defendant, Dr. Madison Sample has engaged in fraudulent behavior by failing to disclose significant marital assets, including bank accounts, investments, and other financial resources **(REPEAT EXHIBIT 8:: SQUANDERING, DISSIPATION OF MARITAL INCOME AND ASSETS, HIDING INCOME, WIRE FRAUD, TRANSFERRING MONEY OVERSEAS, AND MORE)**

This concealment undermines the equitable distribution process and violates Illinois law.
d. Misrepresentation of Financial Status:
Defendant, Dr. Madison Sample has submitted falsified financial affidavits, misrepresenting his income and the value of marital assets. This deception not only violates legal standards but also obstructs Plaintiff Jackie's Sample ability to obtain a fair share of the marital estate.

e. Defendant, Dr.Madison Sample transferred funds overseas with the intent to conceal marital assets, committing wire fraud.

f. Defendant, Dr. Madison Sample's fraudulent misconduct caused financial harm, emotional abuse, and financial duress.

8. Dissipation of Marital Funds:
a. Dissipation occurs when one spouse uses marital assets for personal purposes without the consent of the other spouse or in a way that does not benefit the marriage.

b. Defendant Dr.Madison's Sample actions include: Unauthorized frequent Withdrawals: Making large cash withdrawals from marital income for personal use.

c. Excessive Personal Spending: Using marital funds for non-essential expenses while denying Plaintiff Jackie Sample access to financial resources, work resources, and ability to meet basic human needs. Defendant Dr. Madison Sample used marital funds for dating services, trips overseas for dating, and excessive hotel bookings while simultaneously withholding work resources, which Defendant, Dr. Madison Sample stole from Plaintiff, Jackie Sample. Defendant, Dr. Madison Sample's actions to financially destroy Plaintiff, Jackie Sample is willful.

d. Defendant, Dr. Madison Sample's actions to destroy Plaintiff, Jackie Sample's credit is willful. Dr. Madison Sample's actions to destroy Plaintiff, Jackie Sample's overall well being, cause financial hardship, financial duress, destroy her overall mental, emotional and psychological well being is willful. Defendant, Dr. Madison Sample is withholding work resources from Plaintiff, Jackie Sample while simultaneously spending hundreds of thousands of dollars on his own work resources**(EXHIBIT 12:WORK RESOURCES SPENT BY DEFENDANT, DR. MADISON SAMPLE'S. DR. SAMPLE'S WILLFUL INTERFERENCE WITH PLAINTIFF'S RIGHTS )**.

e. Such dissipation is illegal under Illinois law, and Plaintiff, Jackie Sample, has the right to seek recourse for the financial harm, emotional and psychological abuse, and financial duress caused by all Defendants, including Dr. Madison Sample's actions .

9. Legal Claims Against Madison:

a. Fraudulent Affidavits and Dissipation of Assets: Plaintiff Jackie Sample  contends that Defendant Madison's Sample submission of falsified financial documents on three separate occasions constitutes a serious violation of both state and federal laws governing financial disclosure in divorce proceedings. Under Illinois law, both parties are required to provide full and honest disclosure of their assets, income, and debts. By deliberately misrepresenting his financial status, Defendant Dr. Madison Sample has engaged in deceptive practices that undermine the integrity of the judicial process. Plaintiff Jackie Sample contends that under the Illinois Code for perjury is 720 ILCS 5/32-2, Defendant Dr. Madison Sample perjured himself on the witness stand during his January 25, 2024 court appearance.

b. Specific Instances of Fraud:  Defendant Dr. Madison Sample has submitted financial affidavits that significantly downplay his income, reporting it as $12,000 per month, then $24,000 per month, then approximately $26,000 per month while he is, in fact, earning over $48,000 monthly as a highly compensated anesthesiologist practicing for thirty years. This misrepresentation not only affects the court's assessment of his financial obligations but also impacts Plaintiff Jackie's entitlement to a fair division of marital assets and fair maintenance during the divorce process.

10. Violation of Human Rights:

a.  Human Rights and Financial Abuse:  Defendant Dr. Madison's Sample actions have denied Plaintiff Jackie Sample her basic human rights by depriving her of financial resources, health care, and essential needs. Although Defendant, Dr. Madison Sample is spending thousands of dollars on businesses each month, Defendant, Dr. Madison Sample refuses to allow Plaintiff, Jackie Sample equal opportunity to work resources to become self sufficient.

b. Defendant, Dr. Madison Sample's illegal unilateral control over the marital assets has left Plaintiff, Jackie Sample unable to maintain her livelihood, forcing Plaintiff, Jackie Sample's hair salon to close and forcing her premarital rental properties into foreclosure. The court's failure to intervene in this abusive dynamic has further aggravated her financial well being, physical health, and her overall well being. Defendant Dr. Madison Sample often employed abusive tactics such as, gaslighting, sexist  and racial statements to demean Plaintiff Jackie Sample **(EXHIBIT 13: DEFENDANT, DR. MADISON SAMPLE' RACIST EMAIL AND PLAINTIFF'S STATEMENT).**

c. Right to Financial Security: Plaintiff Jackie Sample has been deprived of access to marital assets, which undermines her ability to maintain financial independence and stability. This violates her right to secure resources necessary for survival.

d. Right to Autonomy: Defendant, Dr. Madison's Sample control over finances and assets limits Plaintiff Jackie's Sample ability to make independent decisions about her life, including her career and health. This infringes upon her personal autonomy.

e. Right to Freedom from Coercion: The threats and intimidation tactics used by Defendant, Dr. Madison Sample to force Plaintiff Jackie Sample into accepting an inequitable settlement violate her right to be free from coercion. This form of psychological abuse is a significant violation of her human dignity causing Plaintiff Jackie Sample to live in constant fear.

f. Right to Equal Protection Under the Law: If defendant, Dr. Madison Sample has submitted fraudulent financial documents and the court has failed to hold him accountable, this may reflect a systemic bias that denies Plaintiff Jackie Sample equal protection and access to justice, violating The Plaintiff, Jackie Sample, rights under the law.

g. Right to Access Basic Needs: Defendant Dr. Madison Sample refusal to provide access to financial support, access to the Sample's finances, and access to work resources has resulted in Plaintiff Jackie Sample being unable to meet basic needs such as, medical treatment, prescriptions, vitamins, food, transportation, clothes, and personal care items. This deprivation is a violation of her fundamental rights to health and well-being.

h. Right to a Fair Trial and Due Process: Plaintiff Jackie's Sample inability to secure adequate legal representation and the court's disregard for evidence of Defendant Dr. Madison's Sample misconduct undermine her right to a fair trial and due process. This failure to provide an impartial hearing violates her rights to justice.

i. Protection Against Domestic Abuse: The ongoing financial abuse, threats, intimidation, and coercive tactics employed by Defendant Dr. Madison Sample may be classified as domestic violence under various legal frameworks, thereby violating Plaintiff Jackie's Sample right to be free from abuse in intimate partner relationships.

j. Right to Personal Dignity: The emotional duress, emotional trauma, and psychological toll from Defendant Dr. Madison Sample's actions, including threats and financial ruins, withholding marital funds, financial strangulation, manipulation, and coercive control tactics used against Plaintiff Jackie Sample , violated Plaintiff Jackie's Sample right to maintain her dignity as a human being. The systemic disempowerment she faces reinforces harmful dynamics typical of domestic abuse.

k. Right to Seek Legal Redress: Plaintiff Jackie's Sample challenges in accessing fair legal representation and having The Plaintiff Jackie Sample claims adequately addressed in court constitute a violation of The Plaintiff Jackie Sample right to seek legal redress for grievances.

11. Wire Fraud Allegations

a. Definition of Wire Fraud: Plaintiff Jackie Sample asserts that Defendant Dr. Madison Sample has engaged in wire fraud, as defined under federal law (18 U.S. Code § 1343), which prohibits the use of electronic communications to carry out a fraudulent scheme. Wire fraud occurs when an individual uses interstate or international wire communications to further a scheme to defraud another party of money or property.

b. Madison's Actions: Plaintiff Jackie Sample states that Defendant Dr. Madison Sample has utilized electronic communications, including wire transfers and online banking, to transfer marital assets, funds overseas with the intent to conceal these assets from her and the court. By moving significant sums of money out of the country, Defendant Dr. Madison Sample is allegedly attempting to evade detection and prevent Plaintiff Jackie Sample from accessing her rightful share of marital property.

c. This fraudulent behavior not only violates federal law but also undermines the integrity of the divorce proceedings, as it obstructs the equitable distribution of marital assets and deprives Plaintiff Jackie Sample of financial security.

d. Intent and Knowledge: Defendant Dr. Madison Sample actions demonstrate a clear intent to defraud, as The Defendant Dr. Madison Sample has taken deliberate steps to hide assets and misrepresent The Sample's financial status and the couple's financial estate. By using wire transfers to move funds internationally, The Defendant Dr. Madison Sample is knowingly participating in a scheme designed to deceive both Plaintiff Jackie Sample and the court regarding the true nature of The Plaintiff Jackie Sample and Defendant Dr. Madison Sample marital assets.

12. Financial Abuse and Coercion:

a. The Defendant Dr. Madison Sample Utilized his control over the family finances, Defendant Dr. Madison Sample has systematically coerced Plaintiff Jackie Sample into considering inequitable and unreasonable settlement offers. The Defendant Dr. Madison Sample has employed various intimidation tactics, including direct threats to The Plaintiff Jackie Sample financial well-being, attempting to starve Plaintiff Jackie Sample of food and to pressure Plaintiff Jackie Sample into relinquishing Plaintiff Jackie Sample's equitable share of the marital estate.

b. Defendant Dr. Madison Sample has made it clear that if Plaintiff Jackie Sample insists on pursuing rightful entitlements, Defendant Dr. Madison Sample will retaliate by undermining Plaintiff Jackie Sample financial stability, further compounding Plaintiff Jackie Sample vulnerability during this already challenging time.

c. Threats of Financial Destruction: Specific threats included Defendant Dr. Madison Sample threatening Plaintiff Jackie Sample by destroying The Plaintiff Jackie Sample financially, a tactic designed to instill fear and compliance. This coercive behavior not only constitutes financial

abuse but also reflects a broader pattern of domestic abuse and manipulation intended to control Plaintiff Jackie Sample decisions regarding the divorce settlement.

d. The premarital property that was used for financial gain during the marriage by Defendant Dr. Madison Sample is currently in foreclosure due to the defendant Dr. Madison Sample illegally taking unilateral control of the couple's marital estate, leaving Plaintiff Jackie Sample penniless.

e.The Defendant, Dr. Madison Sample followed through with his threats that the Plaintiff Jackie Sample would lose her businesses, as Salon 119, owned by the Plaintiff Jackie Sample was forced to go out of business and Plaintiff Jackie Sample properties are forced into foreclosure from Defendant Dr. Madison Sample's direct financial strangulation.

f. Intimidation through Legal Connections: Defendant Dr. Madison Sample has boasted about his connections within the legal system, implying that these relationships would shield The Defendants Dr. Madison Sample from accountability and influence the outcome of the proceedings in Defendant's Dr. Madison Sample's favor. This assertion serves to further intimidate Plaintiff Jackie Sample, as it suggests that Plaintiff Jackie Sample chances of obtaining a fair resolution are compromised by Defendant Dr. Madison Sample perceived advantages.

13. Financial Control and Coercion:
Threats of Financial Destruction: Specific threats have included Defendant Dr. Madison Sample stating that he would destroy Plaintiff Jackie Sample financially, a tactic designed to instill fear and compliance. This coercive behavior not only constitutes financial abuse but also reflects a broader pattern of manipulation intended to control Plaintiff Jackie Sample's decisions regarding the divorce settlement.

14. Financial Status Quo
a. Definition and Importance: The financial status quo refers to the maintenance of the existing financial arrangements and conditions during divorce proceedings. It is crucial to ensure that both parties retain access to necessary financial resources and that any significant changes to assets or income are managed fairly until a final resolution is reached. Defendant Dr.Madison Sample stated early in the proceedings that Plaintiff Jackie Sample will never get the financial status quo reinstated.

b. Legal Framework in Illinois: Under Illinois law, the court is empowered to issue temporary orders to maintain the financial status quo while divorce proceedings are underway. These orders can include directives for spousal support, the division of marital assets, and the continuation of access to joint accounts. Ensuring the status quo protects both parties from unilateral financial manipulation and promotes fairness throughout the legal process.

c. Plaintiff's Situation: Plaintiff Jackie Sample contends that Defendant Dr. Madison Sample has actively disrupted the financial status quo by taking unilateral control over marital assets. After

14

filing for divorce, Defendant Dr. Madison Sample closed joint bank accounts, opening new accounts in Defendant Dr. Madison Sample name alone.

d. Defendant Dr. Madison Sample changed passwords on accounts, changed the password on the family computer before removing it from the marital home. Defendant Dr. Madison Sample denied Plaintiff Jackie Sample access to essential funds. This abrupt change has not only caused significant financial duress, emotional and psychological trauma, but has also violated several court orders aimed at maintaining the existing financial conditions.

e. Court Orders Violated: Specific court orders required Defendant Dr. Madison Sample to provide Plaintiff Jackie Sample with financial support based upon his true income and to disclose accurate information about their joint assets. By failing to comply with these orders, Defendant Dr. Madison Sample has undermined the established financial framework, leaving Plaintiff Jackie Sample without the means to support herself or fulfill her obligations, such as paying for healthcare, food, clothing, reliable transportation, reliable utilities, vacations, personal upkeep, a forensic accountant and legal representation.

f. Dissipation of Marital Assets: Defendant Madison Sample actions have included the dissipation of marital assets believed to be in the hundreds of thousands to millions, using funds for personal expenses or transferring money out of state without Plaintiff Jackie Sample knowledge. This not only constitutes a violation of the financial status quo but also threatens Plaintiff Jackie Sample's ability to secure her fair share of the marital estate during the divorce proceedings.

g. Impact on Plaintiff Financial Security: The disruption of the financial status quo has severely impacted Plaintiff Jackie Sample financial stability. As a result of Defendant Madison Sample actions, she has faced difficulties in accessing health care, prescriptions, medical insurance, paying for basic living expenses, ability to live free from harm, ability to be free from harassment, ability to be free from emotional, financial and psychological duress, and maintaining her lifestyle (**EXHIBIT 14: SOME PREVIOUS TRAVEL EXPENSES OF $90,000).** This lack of access to resources has further exacerbated her vulnerability, health issues, mental, psychological and emotional well being and stress during the divorce process.

h. The Defendant, Dr. Madison Sample acted with malicious intent to harm the Plaintiff Jackie Sample. The Defendant Dr. Madison Sample acted with negligence and misfeasance to gain leverage over the Plaintiff Jackie Sample for monetary gain.

15. Dissipation of Marital Funds:
a. Dissipation occurs when one spouse uses marital assets for personal purposes without the consent of the other spouse or in a way that does not benefit the marriage. Defendant Dr. Madison Sample actions include: Unauthorized Withdrawals: Making large cash withdrawals from joint accounts for personal use.

b. Excessive Personal Spending: Using marital funds for non-essential expenses while denying Plaintiff Jackie Sample access to financial resources. Such dissipation is illegal under Illinois law, and Plaintiff Jackie Sample has the right to seek recourse for the financial harm caused.

16. Legal Claims Against Madison

a. Fraudulent Affidavits and Dissipation of Assets: Plaintiff Jackie Sample contends that Defendant Dr. Madison Sample submission of falsified financial documents in court constitutes a serious violation of both state and federal laws governing financial disclosure in divorce proceedings. Under Illinois law, both parties are required to provide full and honest disclosure of their assets, income, and debts. By deliberately misrepresenting his financial status, Defendant Dr. Madison Sample has engaged in deceptive practices that undermine the integrity of the judicial process.

b. Specific Instances of Fraud: Defendant Dr. Madison Sample has submitted financial affidavits that significantly downplay his income, reporting it as $12,000 per month while he is, in fact, earning over $48,000 monthly as a highly compensated anesthesiologist. This misrepresentation not only affects the court's assessment of Defendant Dr. Madison Sample's financial obligations but also impacts Plaintiff Jackie Sample entitlement to a fair division of marital assets.

17. Violation of Human Rights:

a. Right to Financial Security: Plaintiff Jackie Sample has been deprived of access to marital assets, which undermines Plaintiff Jackie Sample's ability to maintain financial independence and stability. This violates Plaintiff Jackie Sample's right to secure resources necessary for survival.

b. Right to Autonomy: Defendant Dr. Madison Sample 's control over finances and assets limits Plaintiff Jackie Sample's ability to make independent decisions about Plaintiff Jackie Sample's life, including Plaintiff Jackie Sample's career and health. This infringes upon Plaintiff Jackie Sample's personal autonomy.

c. Right to Freedom from Coercion: The threats and intimidation tactics used by Defendant Dr. Madison Sample to force Plaintiff Jackie Sample into accepting an inequitable settlement violates Plaintiff Jackie Sample's right to be free from coercion. This form of psychological abuse and trauma is a significant violation of Plaintiff Jackie Sample's human dignity.

d. Right to Equal Protection Under the Law: Defendant Madison Sample has submitted fraudulent financial documents and the court has failed to hold him accountable, this may reflect a systemic bias that denies Plaintiff Jackie Sample equal protection and access to justice, violating Plaintiff Jackie Sample's rights under the law.

e. Right to Access Basic Needs: Defendant Dr. Madison Sample's refusal to provide financial support has resulted in Plaintiff Jackie Sample being unable to meet basic needs such as, health care, food, transportation, clothing, reliable utilities and her normal life activities. Plaintiff Jackie

**3h. Factual Background Attorney Andrew Cores:**

Sample was forced to rely on welfare to buy food but did not receive enough to cover her

Defendant, Attorney Andrew Cores' misleading statements began during his first appearance on Plaintiff, Jackie Sample's Case. Defendant, Attorney Andrew Cores stated that, he had spoken to both parties, he did not.

f. **Right to a Fair Trial and Due Process:** Plaintiff Jackie's Sample inability to secure adequate

Andrew Cores first appearance. In fact, Defendant, Attorney Andrew Cores only responded via email after Plaintiff, Jackie Sample sent an Open Letter Email regarding not being able to reach Defendant, Attorney Andrew Cores.

g. **Protection Against Domestic Abuse:** The ongoing financial abuse and coercive tactics employed by Defendant Dr. Madison Sample may be classified as domestic violence under various legal frameworks, thereby violating Plaintiff Jackie Sample's right to be free from abuse in intimate partner relationships.

The financial report is willfully misrepresented, depriving Plaintiff, Jackie Sample of basic human rights, to wear Plaintiff, Jackie Sample psychological toll from Defendant Dr. Madison Sample actions for Defendant dying from a financial manipulation, violate Plaintiff Jackie's Sample right to maintain her dignity as a human being. The systemic disempowerment she faces reinforces harmful

The ongoing actions of Defendant, Attorney Andrew Cores, in collaboration with the Defendant Dr. Madison Sample, have caused significant emotional distress, financial hardship, and legal harm:

i. **Right to Seek Legal Redress:** Plaintiff Jackie Sample challenges in accessing fair legal representation and having Plaintiff Jackie Sample's claims adequately addressed in Court constitute a violation of Plaintiff Jackie Sample's right to seek legal redress for grievances.

In addition to not having forensic accounting qualifications or formal training in accounting, Defendant, Attorney Andrew Cores is a divorce attorney with 25 years in domestic relations matters, and has no formal training of financial instruction: Specific threats have included Defendant Dr. Madison Sample stating that he would destroy Plaintiff Jackie Sample financially, a tactic designed to instill fear

Orel at the coordinating and scripting **(IN EXHIBIT 9: JUDICIAL THREATS, DEATH THREATS, INTIMIDATION, AND HARASSMENT).**

For example, when Attorneys Mathew Elster and Andrew Cores make misleading statements in court, Judge Orel visibly shifts his body in apparent disgust toward me and responds with additional misleading statements. This behavior suggests that the misleading statements from Attorneys Elster and Andrew Cores would are truthful when they are not.

Judge Orel continually asks Defendant Attorney Andrew Cores if the Sample Estate have money available for me to use for retaining an attorney, work resources, and retaining a forensic accountant. Defendant Attorney Andrew Cores responses are misleading. Madison Sample is a notorious for master have of conflict previously discussed

**MADISON SAMPLE, RETAINED ATTORNEY WHO WAS MARRIED TO JUDGE OVERSEEING FIRST DIVORCE** previous attorney, Alicia Fitz, used manipulation and deceptive practices to prevent me from attending the 201K meeting with a forensic accountant who had volunteered their time to observe the meeting with me. Defendant, Attorney Andrew Cores does not appear impartial and he lacks training in forensic accounting. Defendant, Attorney Andrew Cores does not have training in accounting at all. In fact, I question Defendant, Attorney Andrew Cores being appointed to a high asset case such as mine, with hundreds of thousands to millions in dissipation by Defendant, Madison Sample.

20. Intentional Infliction of Emotional Distress also known as IIED: IIED is when someone intentionally engages in outrageous or egregious conduct, causing extreme emotional suffering.

a. Defendant Dr. Madison Sample rented a dumpster and discarded some of Plaintiff Jackie Sample's belongings against her expressed wishes.

b. Defendant Dr. Madison Sample allowed realtors to enter the marital home against Plaintiff Jackie Sample's expressed wishes and remove some of her possessions, including her religious books and her irreplaceable family Bible.

c. Defendant Dr. Madison Sample smoked cigars outside Plaintiff Jackie's Sample bedroom window, intentionally aggravating her asthma condition.

d. When Defendant Dr. Madison Sample moved out of the marital home, Defendant Dr. Madison Sample took community property, including food, a blood pressure monitor, mouthwash, toilet paper, paper towels, body wash, bath salts, an iRobot vacuum, and many other items. Defendant Dr. Madison Sample also withheld marital funds, which left Plaintiff Jackie Sample unable to replace these essential items.

e. Defendant Dr. Madison Sample's actions were deliberate attempts to deprive Plaintiff Jackie Sample of basic necessities.

f. Defendant Dr. Madison Sample was fully aware of Plaintiff Jackie's Sample medical needs before filing for divorce. Despite this, Defendant Dr. Madison Sample intentionally withheld Plaintiff Jackie Sample's medical insurance during the divorce process, which prevented Plaintiff Jackie Sample from receiving critical medical procedures and treatment for her ongoing health conditions.

g. Defendant Dr. Madison Sample withheld marital funds, preventing Plaintiff Jackie Sample from replacing furnace filters as required, which in turn worsened Plaintiff Jackie Sample's asthma condition.

h. Defendant Dr. Madison Sample withheld marital funds, leaving Plaintiff Jackie Sample without the resources for transportation or other necessities, which forced Plaintiff Jackie Sample to remain confined to the home for extended periods of time.

i. Defendant Dr. Madison Sample withheld marital funds, which forced Plaintiff Jackie Sample to rely on others for her meals.

j. Defendant Dr. Madison Sample withheld marital funds, which led to Plaintiff Jackie Sample being unable to maintain reliable utilities in her home.

k. Defendant Dr. Madison Sample withheld marital funds, forcing Plaintiff Jackie Sample to rely on welfare assistance for food.

18

l. Defendant Dr. Madison Sample withheld marital funds, preventing Plaintiff Jackie Sample from purchasing clothing and shoes

m. Defendant Dr. Madison Sample withheld marital funds, leaving Plaintiff Jackie Sample unable to meet basic human needs.

n. Defendant Dr. Madison Sample used constant coercive control tactics to control Plaintiff Jackie Sample

o. Defendant Dr. Madison Sample used verbal threats to control Plaintiff Jackie Sample

p. Defendant Dr. Madison Sample employed gaslighting, sexist remarks, and racial comments to demean Plaintiff Jackie Sample.

**21. Violation of Federal Laws**
a. Violation of Civil and Constitutional Rights: Plaintiff Jackie Sample contends that Plaintiff Jackie Sample's constitutional right to due process has been systematically violated throughout the divorce proceedings. Due process, as guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution, mandates that individuals receive fair treatment and an impartial hearing in legal matters. Plaintiff Jackie Sample asserts that the court's refusal to enforce prior court orders has deprived Plaintiff Jackie Sample of these essential protections.

b. Failure to Enforce Court Orders: Multiple court orders, specifically dated April 11, 2023, January 5, 2024, and August 12, 2024, required Defendant Dr. Madison Sample to provide financial support and disclose accurate financial information. The court's inaction in enforcing these orders not only undermines the legal process but also places Plaintiff Jackie Sample in a precarious financial position. By allowing Defendant Dr. Madison Sample to evade accountability, the court has failed in its duty to uphold the law and protect Plaintiff Jackie Sample's rights.

c. Failure to Hold Madison Accountable: Despite clear evidence of Defendant Dr. Madison Sample's financial misconduct—including the submission of fraudulent affidavits and the dissipation of marital assets—the court has neglected to take appropriate actions against him. This lack of accountability fosters an environment where one party can manipulate the legal system without consequence, directly infringing upon Plaintiff Jackie Sample's right to a fair legal process. The court's failure to respond to these violations perpetuates a cycle of injustice and undermines the integrity of the judicial system.

d. Impact on Plaintiff Rights: As a result of the violations committed by Plaintiff Dr .Madison Sample , Plaintiff Jackie Sample has been left without the necessary resources to secure adequate legal representation or meet her basic needs. This exacerbates her vulnerability and undermines her ability to navigate the legal process effectively. The court's failure to provide a fair hearing,

enforce existing orders, and hold Defendant Dr. Madison Sample accountable constitutes a significant breach of Plaintiff Jackie's Sample civil rights, which she argues are protected under federal law.

e. Lack Of Protection From Local Law Enforcement: Burr Ridge Police Department's Failed To Provide Protection under the law. Plaintiff Jackie Sample has repeatedly sought assistance from the Burr Ridge Police Department regarding various criminal actions directed towards her, by Defendant Dr. Madison Sample. Despite these circumstances, the Burr Ridge Police Department has stated that Defendant Dr. Madison Sample's actions are not criminal, although his ongoing actions do, in fact, meet the legal definition of criminal conduct under codes of law.

f. The department has failed to protect Plaintiff Jackie Sample's Right to Freedom from Coercion, Right to Equal Protection Under the Law, Right to Personal Dignity, and Protection Against Domestic Abuse, Harassment, Intimidation, and Threats, including death threat, and financial destruction.

22. Request for Judicial Review and Relief: In light of these violations, Plaintiff Jackie Sample respectfully requests judicial review of the proceedings and seeks relief to address these critical issues. Specifically, she requests:

a. Enforcement of Prior Court Orders: A court mandate requiring Defendant Dr. Madison Sample to comply with all existing orders, including those mandating financial support based upon Defendant Dr. Madison Sample's true income and accurate disclosure of assets, and reestablish access to all marital assets and the family computer which holds some of the Sample's financial documentation. This enforcement is essential to ensure Plaintiff Jackie Sample's receives her fair share of marital resources.

b. Sanctions for Non-Compliance: Appropriate penalties against Defendant Dr. Madison Sample for his failure to adhere to court mandates, particularly concerning the submission of fraudulent documents. Such sanctions would serve as a deterrent against future violations and uphold the integrity of the judicial process.

c. Judicial Oversight: Increased oversight from the court to ensure compliance with legal obligations and protect Plaintiff Jackie Sample's rights throughout the divorce process. This oversight is crucial to prevent further financial abuse, manipulation and abuse of the legal system by Defendant Dr.Madison Sample.
d. Request for Judicial Intervention: In conjunction with the requests for review and relief, Defendant Jackie Sample seeks judicial intervention aimed at restoring the financial status quo that Defendant Madison Sample has disrupted.

e. Plaintiff, Jackie Sample requests: Reinstating Access to marital funds: A court order allowing Plaintiff Jackie Sample access to necessary financial resources while the divorce is pending. This access is vital for her to meet her basic living expenses and maintain financial stability during

this tumultuous time. Plaintiff Jackie Sample needs work resources, reliable transportation, clothing, reliable utilities and her normal life activities restored.

f. Temporary Spousal Support: Assurance that Plaintiff, Jackie Sample is reinstated and granted access to all financial accounts, investments and receives adequate interim financial support to cover her essential needs while the divorce is pending. This support is crucial for her survival and well-being, especially given Defendant Dr. Madison Sample's financial abuse and ongoing dissipation of marital assets.

g. Enforcement of Court Orders: Accountability for Defendant Dr. Madison Sample regarding violations of existing orders, including penalties for non-compliance and directives requiring full disclosure of all financial information. This enforcement is essential to restore fairness and transparency in the proceedings.

23. Legal Remedies Requested
a. Forensic Accounting: Plaintiff Jackie Sample requests that the court allow her access to funds to hire a forensic accountant to investigate Defendant Dr.Madison's Sample financial dealings and the Sample's multimillion dollar estate hidden by Defendant Dr. Madison Sample. This expert will help uncover hidden assets, offshore accounts, and any attempts by Defendant Dr. Madison Sample to dissipate marital property and deprive Plaintiff Jackie Sample of an equitable settlement

b. Fraud Claims: Plaintiff Jackie Sample seeks to present evidence of Defendant Madison's Sample fraudulent financial affidavits and perjured testimony, requesting the court hold Defendant Dr. Madison Sample accountable. Plaintiff Jackie Sample, urges the court to impose penalties and sanctions for Defendant Dr. Madison Sample, submitting falsified financial documents and perjury and to adjust the division of marital income and assets accordingly.

c. Dissipation of Assets: Given Defendant Dr. Madison's Sample unlawful dissipation of marital assets without oversight, Plaintiff Jackie Sample requests that the court adjust the division of assets in her favor, taking into account Defendant Dr. Madison Sample's ongoing misuse of funds, and Defendant Dr. Madison Sample's financial and emotional abuse towards Plaintiff Jackie Sample .

d. Request for Punitive Damages: In addition to the aforementioned legal remedies, Plaintiff Jackie Sample seeks punitive damages against Defendant Dr. Madison Sample for his egregious misconduct during the divorce proceedings. Specifically: Defendant Dr. Madison Sample has withheld work resources, resulting in hundreds of thousands of dollars in damages and financial losses.

e. Due to this financial stranglehold, Plaintiff Jackie Sample is unable to address flooding in her basement leading to severe water damage in Plaintiff Jackie's Sample salon's basement. The unaddressed water damage subsequently grew mold. The water damage is ongoing and has not

only prevented Plaintiff Jackie Sample from accessing essential work resources but has also led to further losses at Plaintiff Jackie's Sample, premarital properties.

f. The inability to address these problems led to hundreds of thousands in damages. Plaintiff Jackie Sample has been denied work resources to address The City of Chicago issues which led to ongoing fines, adding further unnecessary financial loss.

g. Purpose of Punitive Damages: Plaintiff Jackie Sample requests punitive damages to punish Defendant Dr. Madison Sample for his fraudulent actions, perjury, threats, coercive control used against Plaintiff Jackie Sample, and financial abuse, which have caused Plaintiff Jackie Sample significant emotional and psychological trauma, financial duress and financial harm to her premarital businesses.

h. Punitive damages serve to deter similar conduct in the future and uphold the integrity of the legal system.

i. Basis for Claim: The request for punitive damages is based on Defendant Dr. Madison Sample's repeated submission of fraudulent financial affidavits, his deliberate concealment of marital assets, acts of domestic abuse, threats, coercive control tactics, intimidation, harassment and financial strangulation used to force the Plaintiff Jackie Sample into accepting an unreasonable settlement. Such behavior demonstrates a willful disregard for Jackie's rights and a blatant violation of both state and federal laws.

j. Defendant Dr. Madison Sample has withheld work resources, resulting in hundreds of thousands of dollars in damages and financial losses. Due to this financial stranglehold, Plaintiff Jackie Sample was unable to address severe water damage in her salon's basement, which subsequently is continually growing mold.

k. This ongoing issue has not only prevented Plaintiff Jackie Sample from accessing essential work resources but has also led to further losses at Plaintiff Jackie's Sample properties. The inability to address these issues led to unnecessary financial loss. Plaintiff Jackie's Sample financial strangulation prevented  Plaintiff Jackie Sample from addressing building violations from the City of Chicago, leading to ongoing fines, adding further unnecessary financial loss.

l. Upon information and belief, Defendant Dr. Madison Sample has a history of colluding and bribing Judges to gain leverage in Defendant Dr.  Madison Sample's legal court matters.

24. Damages Caused by Defendant, Madison Sample, Not All Inclusive

a. The Plaintiff Jackie Sample is entitled to an equitable share in all known and unknown marital investments, including CareSkore, Resonance, digital currency, real estate investments, salary earned, and investments, including investments using trading platforms, etc.

b. Plaintiff Jackie Sample requests that the court grants an appropriate amount for punitive damages, reflecting the severity of Defendant Dr. Madison's Sample actions and its impact on her life. This amount should be sufficient to serve as a deterrent against future misconduct and to reflect the gravity of the violations experienced by the Plaintiff, Jackie Sample.
The Plaintiff, Jackie Sample, respectfully asks the court to hold the Defendant, Dr. Madison Sample, accountable for abuse under the Illinois Domestic Abuse Act and award compensatory and punitive damages and all other matters stated in the amount of $50,000,000.

c. The Defendant Dr. Madison Sample has inflicted pain and suffering, financial abuse, emotional and psychological harm, and mental anguish through repeated acts of malfeasance, with intent to harm and defraud. Specific actions include: Intentionally withholding basic human needs, including medical insurance, resulting in a decline in health. Withholding finances for necessities such as food, reliable utilities, car repairs, transportation, medical care, prescriptions, medical procedures, clothing, mental health care, vacations. Financially isolating the Plaintiff Jackie Sample, leaving her without access to transportation, clothing, personal care items, prescription eyeglasses, and medications, Using intimidation, threats, coercive control, and intentional financial deprivation to cause trauma and stress.

d. Defendant, Dr. Madison Sample closed joint financial accounts, violating the April 11, 2023 court order, restricted Plaintiff's Jackie Sample access to credit cards, and engaged (including closed accounts) in financial coercion. Preventing access to work resources, church services, vacations, home maintenance, and other aspects of a reasonable quality of life. Allowing Plaintiff Jackie's Sample real estate to go into foreclosure as a means of control and manipulation.

e. These actions have resulted in severe emotional harm, emotional duress, psychological trauma, mental anguish, and significant financial loss. The

Plaintiff Jackie Sample requests that Defendant Dr. Madison Sample be held fully accountable for his egregious conduct and that the court grant Jackie the requested $50,000,000 for compensatory and punitive damages.

Plaintiff also respectfully seeks the Court to hold Defendant Dr. Madison Sample accountable under the Illinois Domestic Abuse Act and to award $50,000,000 in compensatory and punitive damages for the significant harm he CONTINUES to cause through:

- Intentional deprivation of basic needs, including medical insurance, leading to health decline
- Withholding of financial support for essential needs, such as food, utilities, car repairs, transportation, medical care, prescriptions, mental health care, vacations
- Financial isolation, denying Plaintiff access to transportation, personal care, eyeglasses, and medications

- Use of intimidation, threats, coercive control, and financial deprivation, causing severe trauma and stress
- Restricting Plaintiff's access to work resources, church services, vacations, home maintenance, and other reasonable quality-of-life aspects
- Deliberately allowing Plaintiff's real estate to go into foreclosure for purposes of control and manipulation.

These acts have resulted in emotional duress, psychological trauma, mental anguish, and substantial financial loss and more. Plaintiff requests that Dr. Madison Sample be held fully accountable for his actions and that the Court award the requested $50,000,000 in compensatory and punitive damages.

### 25. Factual Background: Defendants, Meighan Harmon and Tracey Wertman of SCHILLER DUCANTO and FLECK LLP

Misrepresentation by Defendants Schiller Ducanto and Fleck, Attorney Meighan Harmon, and Attorney Tracey Wertman: (EXHIBIT 16: SUPPORTING DOCUMENTATION FOR DEFENDANTS, ATTORNEY MEIGHAN HARMON, TRACEY WERTMAN, AND SCHILLER DUCANTO AND FLECK. MISLEADING EMAIL, MISREPRESENTING THE APRIL 11, 2023, AGREED ACTION ORDER TO BE AN ORDER TO REINSTATE THE FINANCIAL STATUS QUE. LEGAL ADVISE MIRRORING DEFENDANT, DR. MADISON SAMPLE'S WISHES. REFUSAL TO ENFORCE THE APRIL 11, 2023 AGREE ACTION ORDER. REFUSAL TO FILE LEGAL DOCUMENTS TO PROTECT PLAINTIFF, JACKIE SAMPLE'S ASSETS. REFUSAL TO FILE DOCUMENTS TO PROTECT PLAINTIFF, JACKIE SAMPLE'S RIGHT TO MAINTAIN THE FINANCIAL STATUS QUE AND HER RIGHT TO ENJOY LIFE AND LIBERTIES FREE FROM FINANCIAL, EMOTIONAL AND PSYCHOLOGICAL ABUSE).

26. Defendant, Dr. Madison Sample filed for divorce on February 7, 2023. Around late February 2023, Plaintiff, Jackie Sample consulted Defendant, Attorney Meighan Harmon of Schiller, Ducanto & Fleck LLP at their office. Strangely, Defendant, Dr. Madison Sample's attorney, Defendant, John Conniff was at Defendant, Attorney Schiller Ducanto and Fleck's office at the same time. Defendant, Attorney Meighan Harmon informed Plaintiff, Jackie Sample that Defendant, Dr. Madison Sample did not intend to pursue the divorce and that Defendant, Attorney John Conniff would withdraw the petition for dissolution of marriage. Relying on this information, Plaintiff, Jackie Sample believed no further legal actions were necessary.

27. Around March 2023, Plaintiff, Jackie Sample was contacted by Defendant, Attorney Meighan Harmon, who informed Plaintiff, Jackie Sample that the divorce filing had never been withdrawn. Defendant, Attorney Meighan Harmon stated that Plaintiff, Jackie Sample had an upcoming court date and advised Plaintiff Jackie Sample to retain Defendant, Attorney Meighan Harmon services in order for the The Defendant, Attorney Meighan Harmon could file her appearance and attend court on Plaintiff, Jackie Sample's behalf.

28. During this time, Plaintiff, Jackie Sample had access to marital funds. Plaintiff, Jackie Sample retained Defendant, Schiller, Ducanto & Fleck LLP and paid a retainer fee of $7,500. Defendant, Attorney Meighan Harmon immediately included Defendant, Attorney Tracey Wertman to assist in Plaintiff, Jackie Sample's divorce case.

29. Shortly after retaining Defendant, Schiller DuCanto and Fleck, Defendant Dr. Sample Madison closed joint accounts opening new ones in his name alone. Defendant, Dr. Madison Sample changed passwords on all marital accounts. Defendant, Dr. Madison Sample changed the password on the home computer, denying Plaintiff, Jackie Sample access to marital funds including digital currency accounts.

30. Defendant, Dr. Madison Sample changed the passwords for Netflix, and Amazon which Plaintiff, Jackie Sample used for ordering medical supplies and more.

31. Defendant, Tracey Wertman Appointed To The Chicago Bar Association's Judicial Evaluation Committee-Investigative Division.

32. Negligence and Failure to Act:
Plaintiff's, Jackie Sample attorneys, Defendant, Meighan Harmon and Defendant,Tracey Wertman of Schiller, Ducanto & Fleck LLP, underrepresented the Plaintiff, Jackie Sample. The Defendant, Meighan Harmon and Defendant, Tracey Wertman of Schiller, Ducanto & Fleck LLP failed to file critical legal documents on Plaintiff, Jackie's Sample behalf.

33. Defendant, Meighan Harmon and Defendants, Tracey Wertman of Schiller, Ducanto & Fleck LLP failed to file documents to reinstate and maintain the financial status quo as originally promised. Defendant, Meighan Harmon and Defendants Tracey Wertman of Schiller, Ducanto & Fleck LLP failed to file critical documents for the Plaintiff, Jackie Sample to regain access to the Plaintiff, Jackie Sample's financial accounts and home computer after Defendant, Dr. Madison Sample changed the passwords, locking Plaintiff, Jackie Sample out of marital accounts and home computer. Defendants, Attorneys, Meighan Harmon and Tracey Wertman failed to challenge falsified financial affidavits by Defendant, Dr. Sample, leaving the Plaintiff, Jackie Sample, financially vulnerable.

34. Legal negligence-Advised petitioner to attend mediation and settle the case in its entirety based upon Defendant, Dr. Sample's falsified financial affidavit. Failed to file documents to protect the petitioner from Defendant, Dr. Madison Sample's ongoing abuse, coercive control tactics, threats, harassment, financial strangulation, and more. Despite having two attorneys billing for services, Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP failed to provide adequate legal services, as outlined below:

35. Defendants, Attorneys Meighan Harmon and Defendant Tracey Wertman of Schiller Ducanto & Fleck failed to prepare and file standard legal documents necessary for the Plaintiff, Jackie Sample divorce case.

36. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck failed to file a Motion to Reinstate the Financial Status Quo.

37. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck failed to take legal action when Defendant, Dr. Madison Sample restricted the Plaintiff, Jackie Sample, from using marital credit cards.

38. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck failed to take action After Defendant, Dr. Madison Sample closed their joint bank accounts, cutting the Plaintiff, Jackie Sample, off financially.

39. Fraudulent Representation of Court Orders:
a. Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck misrepresented the agreed order from April 11, 2023, as an order to maintain the financial status quo.

b. Their deliberate misrepresentation of this court order significantly impacted the Plaintiff, Jackie Sample.

c. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck failed to take legal action to reinstate Plaintiff, Jackie Sample's access to their home computer, as Defendant, Dr. Madison Sample was preventing the Plaintiff, Jackie Sample, from accessing marital investments, marital funds and documents required for settlement distribution.

40. Defendants, Attorneys Meighan Harmon and Defendant Tracey Wertman of Schiller Ducanto & Fleck did not file necessary documents when Defendant, Dr. Madison Sample removed approximately $100,000 in gold and silver coins from the marital home. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck failed to address Defendant, Dr. Madison Sample's falsified financial affidavit.

41. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck refused to take action when Defendant, Dr. Madison Sample repeatedly disregarded the April 11, 2023 agreed court order.

42. Defendants, Attorneys, Meighan Harmon and Defendant Tracey Wertman of Schiller Ducanto & Fleck refused to take legal action after being informed that Defendant, Dr. Madison Sample was throwing the plaintiff, Jackie Sample's belongings into a dumpster rented by Defendant, Dr. Madison Sample, which sat outside the marital home for multiple days, traumatizing Plaintiff, Jackie Sample.

43. Defendants, Attorneys Meighan Harmon and Defendant Tracey Wertman of Schiller Ducanto and Fleck failed to take action to protect the Plaintiff, Jackie Sample when she faced retaliation

26

from Defendant, Dr. Madison Sample financially struggling Plaintiff, Jackie for spending money on legal representation.

44. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller Ducanto and Fleck failed to file a Rule to Show Cause when Defendant, Dr. Madison Sample Violated the April 11, 2023 court order.

45. Defendants, Attorneys, Meighan Harmon and Defendant Tracey Wertman of Schiller Ducanto and Fleck failed to file documents on Plaintiff, Jackie Sample's behalf when Defendant Dr. Madison Sample closed joint accounts and opened new accounts in his name only.

46. Defendants, Attorneys, Meighan Harmon and Defendant Tracey Wertman of Schiller Ducanto and Fleck failed to file documents on the Plaintiff, Jackie Sample's behalf when Defendant Dr. Madison Sample, changed account passwords, and blocked Plaintiffs, Jackie Sample access to marital finances.

47. Defendants, Attorneys, Meighan Harmon and Defendant Tracey Wertman of Schiller Ducanto and Fleck failed to file documents on the Plaintiff, Jackie Sample's behalf when Defendant Dr. Madison Sample repeatedly harassed, intimidated, threatened, and used coercive control to pressure Plaintiff Jackie Sample into accepting an unreasonable settlement as Plaintiff Dr. Madison Sample often assured the Plaintiff, Jackie Sample that her attorneys were not going to force him to do anything.

48. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP, misrepresented the April 11, 2023 agreed order to be an order to reinstate the financial Status Quo.

49. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP, failed to hold Defendant, Dr. Madison Sample accountable for submitting falsified financial affidavits to the court, and more. Despite repeated requests from Plaintiff, Jackie Sample for documents to be filed regarding Defendant, Dr. Madison Sample's ongoing psychological, emotional, and financial abuse from Defendant, Dr.Madison Sample,

50. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP failed to take legal action to protect Plaintiff, Jackie Sample from financial abuse and safeguard her financial interests in the marital estate.

51. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP advised Plaintiff, Jackie Sample to attend mediation and settle the case in its entirety. The advice at this time required Plaintiff, Jackie Sample to walk away from millions in marital assets.

52. Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP was aware that Defendant, Dr. Madison Sample was hiding millions in digital currency,

27

egregiously lowered his income, and had submitted falsified financial affidavits. In spite of the Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP knowledge of Defendant, Dr. Madison Sample lowering his income and hiding millions to defraud Plaintiff, Jackie Sample from receiving an equitable share of marital income and assets,

53. Defendants, Meighan Harmon and Tracey Wertman legal advice mirrored Defendant Dr. Madison Sample's unreasonable request to attend mediation, which Defendant Dr. Madison Sample was attempting to impose on Plaintiff, Jackie Sample through coercive control.Some of Defendant, Dr. Madison Sample's threats to Plaintiff, Jackie Sample included claims of having connections that would influence the divorce process. Defendant, Dr. Madison Sample assured Plaintiff, Jackie Sample that her attorneys would not help her or compel Defendant, Dr. Madison Sample to take any action.Defendant, Dr. Madison Sample threatened Plaintiff, Jackie Sample to accept his unreasonable offer, assuring Plaintiff, Jackie Sample that the Status Quo will never be reinstated.

54. These assertions proved accurate as, Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP failed to hold Defendant, Dr. Madison Sample accountable for his disregard of the April 11, 2023, court order.

55. Defendant Meighan Harmon and Defendant Tracey Wertman of Schiller, Ducanto & Fleck LLP, failed to hold Defendant Dr. Madison Sample accountable for his financially abusive actions against the plaintiff, Jackie Sample.

56. Attorneys Defendant Meighan Harmon and Defendant Tracey Wertman of Schiller, Ducanto & Fleck LLP failed to take the legal actions requested by Plaintiff Jackie Sample. Their failure to act caused the following: financial loss, leading to her building currently being in foreclosure; financial suffering; ongoing emotional and psychological trauma; ongoing financial duress; closure of her salon business; and halting the completion of her restaurant and bar business.

57. Abandonment by Attorneys at a Crucial Time
In June 2023, Attorneys Defendant Meighan Harmon and Defendant Tracey Wertman of Schiller, Ducanto & Fleck LLP withdrew from my case during a critical period, leaving me vulnerable to further financial abuse. Attorneys, Defendant Meighan Harmon and Defendant Tracey Wertman petitioned the court for approximately $12,000, in addition to the $7,500 retainer fee, despite failing to file essential legal documents on my behalf.

58. Misinformation Regarding Financial Status:

a. Plaintiff Jackie Sample was misled about the April 11, 2023 Agreed Order, which Attorneys Defendant Meighan Harmon and Defendant Tracey Wertman of Schiller, Ducanto & Fleck LLP attorney informed her was an order to reinstate the financial status quo.

b. Instead, Defendant Attorneys Meighan Harmon and Defendant Tracey Wertman of Schiller, Ducanto & Fleck failed to file documents to restore Jackie Sample's access to marital assets, among leaving the Plaintiff, Jackie Sample, in financial duress and leading to a one-sided divorce process in Defendant Dr. Madison Sample's favor.

c. Fraudulent Representation of Court Orders: Defendant, Attorneys Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck, misrepresented the agreed order from April 11, 2023, as an order to maintain the financial status quo.

d. Defendant, Attorneys Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck's deliberate misrepresentation of this court order significantly impacted the Plaintiff, Jackie Sample.

59. Defendant Schiller, Ducanto & Fleck LLP advised Plaintiff Jackie Sample to attend mediation to settle the divorce case in its entirety seemingly at Defendant Dr. Madison Sample's request. This advice did not intend to include the Plaintiff, Jackie Sample's share of millions in marital assets, further intending to contribute to Plaintiff Jackie Sample's financial disadvantage, financial duress, psychological duress and ongoing mental anguish.

60. Based on the foregoing, I respectfully request the following relief from this Court :
To grant Plaintiff Jackie Sample the Attorney fees from Defendant Meighan Harmon and Tracey Wertman of Schiller, Ducanto & Fleck LLP, in the amount of approximately $12,000 that was charged to Plaintiff Jackie Sample estate, that's in 18th Judicial Circuit Court in DuPage County The Plaintiff Jackie Sample is requesting the $7,500 retainer fee paid to Defendant Schiller, Ducanto & Fleck LLP for under- representation and malpractice:

61. Plaintiff Jackie Sample is requesting Damages of $25 million for Misrepresentation of the April 11, 2023 agreed order by Defendants Schiller Ducanto and Fleck, Attorney Meighan Harmon, and Attorney Tracey Wertman: Damages for Legal negligence and Advisement for Plaintiff, Jackie Sample to attend mediation and settle the case in its entirety. This legal advice mirrored Defendant Dr. Madison Sample's wishes and catered to Defendant Dr. Madison Sample's falsified financial affidavit.
Grant any other relief this Court deems just and equitable.

62. Withdrawal by Counsel
In June 2023, Defendants, Schiller, Ducanto & Fleck LLP withdrew from the case, leaving Plaintiff, Jackie Sample, unrepresented at a crucial juncture, despite ongoing financial and legal matters that required immediate attention.

63. The Plaintiff, Jackie Sample, respectfully asks this Court to award $50,000,000 in compensatory and punitive damages for legal malpractice, professional misconduct, unethical conduct, and negligence by Defendants Schiller Ducanto & Fleck LLP, specifically Defendants, Attorneys Meighan Harmon and Attorney Tracey Wertman.

64. The Defendants, Attorneys Meighan Harmon and Tracey Wertman consistently underrepresented the Plaintiff, Jackie Sample, failed to file critical legal documents, and allowed financial abuse by Defendant, Dr. Madison Sample to continue unchecked, causing Plaintiff, Jackie Sample severe financial harm, financial duress, psychological and emotional trauma.

65. The Defendants Schiller Ducanto & Fleck LLP, specifically Defendant, Attorneys Meighan Harmon and Tracey Wertman failed to file motions to reinstate the financial status quo, prevent The Defendant, Dr. Madison Sample from locking the Plaintiff, Jackie Sample out of marital accounts, and address falsified financial affidavits by Defendant, Dr. Madison Sample.

66. The Defendant Schiller, Ducanto & Fleck LLP advised the Plaintiff, Jackie Sample to settle the case based on Defendant, Dr. Madison Sample's falsified financial affidavit, leaving the Plaintiff, Jackie Sample financially vulnerable.Despite additional billing of over $12,000, the Defendants, Schiller Ducanto & Fleck LLP, specifically Attorneys Meighan Harmon and Tracey Wertman failed to provide adequate legal services and did not protect Plaintiff, Jackie Sample from financial abuse.

67. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP, withdrew from the case at a critical time in June 2023, further exacerbating Plaintiff, Jackie Sample's financial and emotional duress.

68. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP failed to ensure Plaintiff, Jackie Sample basic human needs.

69. Defendants, Attorneys Meighan Harmon and Defendant Tracey Wertman of Schiller, Ducanto & Fleck LLP failed to prevent Defendant, Dr. Madison Sample from financially isolating Plaintiff, Jackie Sample, leaving Plaintiff Jackie Sample unable to afford clothing, personal care items, and negatively impacting her overall quality of life.

70. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP failed to prevent financial abuse, causing Plaintiff, Jackie Sample to beg Defendant, Dr. Madison Sample for money to purchase food, clothing, and the Sample's standard vacations. Defendant, Dr. Madison Sample continued the same quality of life, vacationing, shopping, and wining and dining after the divorce filing.

71. Defendants Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP failure to take legal actions to hold Defendant, Dr. Madison Sample accountable, emboldening Defendant Dr. Madison Sample's acts of egregious abuse against the Plaintiff, Jackie Sample.

72. In fact, Defendant, Dr. Madison Sample increased hotel and air bnb bookings after filing for a divorce. Defendant, Dr.Madison Sample continued taking vacations, including traveling to Asia for dating while simultaneously financially strangling the Plaintiff, Jackie Sample.

73. Defendants, Attorney Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP failed to protect the Plaintiff, Jackie Sample from Defendant, Dr. Madison Sample's intimidation, threats, coercive control, and intentional financial deprivation which caused psychological and emotional trauma as well as financial duress.

74. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP, failed to address Defendant, Dr. Madison Sample taking unilateral control over the Sample's finances.

75. Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP, failed to prevent Defendant, Dr. Madison Sample from cutting off Plaintiff, Jackie Sample's access to work resources.

76. Defendants, Attorneys Meighan Harmon and Tracey Wertman, of the law firm Schiller DuCanto & Fleck LLP, failed to address the financial abuse involving Defendant, Dr. Madison Sample, which has rendered Plaintiff, Jackie Sample unable to continue her regular tithing and church offerings. These practices are integral to both Defendant, Dr. Madison Sample's and Plaintiff Jackie Sample's religious beliefs and practice.

77. Plaintiff, Jackie Sample had practiced tithing and giving offerings before the marriage and continued this shared religious practice during the marriage. However, Defendant, Dr. Madison Sample later took unilateral control of the couple's finances, leaving Plaintiff, Jackie Sample financially unable to continue their religious practice of tithing and monetary offerings.

78. Defendants, Attorneys Meighan Harmon and Tracey Wertman, of the law firm Schiller DuCanto & Fleck LLP, failed to address the fact that Plaintiff, Jackie Sample was denied access to marital funds, vacations, and other aspects of a reasonable quality of life. Meanwhile, Defendant Dr. Madison Sample continued to take frequent vacations and maintain the same quality of life, while deliberately engaging in abusive actions toward Defendant, Jackie Sample, causing her significant suffering.

79. Defendant, Attorneys Meighan Harmon and Tracey Wertman, of the law firm Schiller DuCanto & Fleck LLP, failed to address Defendant, Dr. Madison Sample's emotional, psychological and financial abuse, including cutting off Plaintiff Jackie Sample's access to work resources.

80. Underrepresentation an inaction: Defendants, Schiller Ducanto & Fleck LLP, Attorneys Meighan Harmon and Tracey Wertman

a. As a result of the law firm's inaction, Defendant, Dr. Madison Sample's financial abuse intensified. Plaintiff, Jackie Sample's real estate went into foreclosure. Defendant, Dr. Madison Sample deliberately allowed the foreclosure to occur as a means of control, manipulation, and retaliation against Plaintiff, Jackie Sample for not accepting his unreasonable settlement offers.

b. Defendant, Dr. Madison Sample closed joint financial accounts, violating the April 11, 2023 court order, restricted Plaintiff's Jackie Sample access to credit cards, and engaged (including closed accounts) in financial coercion.

c. Defendants, Schiller Ducanto & Fleck LLP, Attorneys Meighan Harmon and Tracey Wertman failed to respond effectively to these actions, exacerbating Defendant, Jackie Sample's financial distress.

81. Upon Information and Belief," Presumed Collusion Between Defendants, With Opposing Counsel, John Conniff.
Relief Sought

a. A payment of $25,000,000 for EMOTIONAL DISTRESS, COMPENSATORY AND PUNITIVE DAMAGES

b. Legal malpractice claims for negligence, breach of fiduciary duty, and breach of contract by SCHILLER, DUCANTO AND FLECK, Attorneys Meighan

c. Actions by Defendants, Meighan Harmon and Tracey Wertz of Schiller DuCanto & Fleck LLP, resulting in psychological, emotional, financial harm, mental anguish and financial duress for Plaintiff, Jackie Sample.

d. Damages for misrepresentation, legal negligence, and advising Plaintiff to settle based upon falsified information provided by Defendant, Dr. Madison Sample

e. Any other relief the Court deems just and equitable

These acts have resulted in emotional duress, psychological trauma, and substantial financial loss. Plaintiff requests that Defendant, SCHILLER, DUCANTO AND FLECK, Attorneys Meighan Harmon and Tracey Wertz of Schiller DuCanto & Fleck LLP be held fully accountable for their actions and that the Court award the requested $25,000,000 in compensatory and punitive damages as stated in the lawsuit.

WHEREFORE, Plaintiff requests the Court to:

- Grant the relief requested, including punitive damages to reflect the severity of the law firm's malpractice and its impact on Plaintiff's life, serving as a deterrent against future misconduct.

**82. Factual Background: Defendant, Attorney John Conniff,**

83. Defendant, Dr. Madison Sample's first attorney, Defendant, Attorney John Conniff from the Law Offices of John A. Conniff, a Chicago-based family law firm specializing in divorce, child custody, support, and visitation.

84. During the divorce proceedings, Defendant, Attorney John A. Conniff knowingly submitted falsified financial affidavits to the court that grossly misrepresented Defendant, Dr. Madison Sample's income, obstructing Plaintiff', Jackie Sample's access to a fair distribution of marital assets during the divorce process, 19 months and counting.

85. Additionally, Defendant, Attorney John A. Conniff employed intimidation tactics, threatening legal action against Plaintiff, Jackie Sample and "Upon information and belief", colluded with other attorneys to prevent Plaintiff, Jackie Sample from securing adequate legal representation.

86. Collusion and Obstruction: Defendant Attorney John Conniff knowingly accepted defendant, Madison Sample's, falsified financial affidavits and "Upon information and belief", colluded with other attorneys, obstructing Plaintiff', Jackie Sample's ability to secure representation and pursue equitable distribution of marital assets.

87. Aiding his client, Defendant Dr. Madison Sample with Financial Retaliation: Filled a rule to show cause on matter that was previously resolved with plaintiff, Jackie Sample, previous attorneys

88. . Plaintiff, Jackie Sample seeks compensation as relief, due to, DEFENDANT, ATTORNEY JOHN CONNIFF'S MISCONDUCT, FRAUD PARTICIPATION WITH DEFENDANT, MADISON SAMPLE, INTIMIDATION, COERCIVE CONTROL, AND VIOLATIONS OF PLAINTIFF, JACKIE SAMPLE'S CIVIL, HUMAN AND CONSTITUTIONAL RIGHTS

89. Plaintiff, Jackie Sample seeks relief due to the misconduct and fraudulent actions of Defendant, Attorney John Conniff, in connection with the representation of Defendant Dr. Madison Sample in this case.

90. This Complaint also addresses the pervasive intimidation, collusion tactics, obstruction of due process employed by Defendant, Attorney John A. Conniff. Upon information and belief, Defendant, John A. Conniff aka "The Fixer" is using unethical tactics to obstruct the Plaintiff, Jackie Sample's access to legal representation. In support of this Complaint, Plaintiff, Jackie Sample states as follows:

93. Misrepresentation of Financial Affidavit:

a. Defendant, Attorney John A. Conniff knowingly accepted and submitted his client's falsified financial affidavit, which grossly misrepresented Defendant, Dr. Madison Sample's income as merely $12,000 per month.

b. Defendant, Dr. Madison Sample's income is over $48,000 per month from the hospital alone.

c. Defendant, Dr. Madison Sample's income from business earnings, investments, digital currency, and more are being hidden from Plaintiff, Jackie          Sample.

d. CareSkore, a company that Defendant Madison Sample Partnered with around 2015, hit a revenue of $39.8 million around 2021.

94. Defendant, Attorney John A.Conniff pursued legal action against Plaintiff, Jackie Sample based upon Defendant, Dr. Madison Sample's fraudulent documents.

95. Defendant, Attorney John Conniff's actions obstructed Plaintiff, Jackie Sample's ability to obtain an equitable share of marital assets during the divorce process.

96. Defendant, Attorney John Conniff willfully used falsified financial affidavits provided by his client, Defendant, Madison Sample to file motions, initiate legal proceedings to support claims which placed the Plaintiff, Jackie Sample's financial well-being and investment properties into foreclosure, violating Illinois family law regarding financial disclosure and fairness in divorce proceedings.

97. Failure to Correct Misrepresentation:

a. Despite filing a motion and informing Judge James Orel of Defendant, John A.Conniff being incorrectly listed as attorney for Plaintiff, Jackie Sample on the i2File website, Plaintiff, Jackie Sample's request for correction was ignored.

b. Defendant, John A. Conniff's name remained listed as Plaintiff, Jackie Sample's lead attorney, further compounding the confusion and obstructing the clarity of court records.

98. Fraudulent Representation of Court Orders: Defendant, John A. Conniff misrepresented the agreed order from April 11, 2023, to the court as an order to maintain the financial status quo. His deliberate misrepresentation of this order significantly impacted the Plaintiff, Jackie Sample.

99. Intimidation And Interference with Plaintiff, Jackie Sample Retaining Legal Counsel:

a. Plaintiff Jackie Sample interviewed many attorneys to represent her in the divorce proceedings.

34

b. Initially, these attorneys agreed to provide vigorous legal representation and advocate on Plaintiff, Jackie Sample behalf.

c. The attorneys that Plaintiff, Jackie Sample initially interviewed, their demeanor and willingness to represent Plaintiff, Jackie Sample changed after speaking with opposing counsel, Defendant, Attorney John Conniff.

d. Several attorneys changed their mind, inexplicably withdrew, sited medical emergencies, or changed their demeanor from professional to exceedingly hostile towards Plaintiff, Jackie Sample.

e. After potential attorneys contacted Defendant, Attorney John A.Conniff, suggesting receiving pressure from Defendant John A. Conniff, Statements from potential attorneys are as follows:

f. "I don't want to risk my future cases by helping you."
g. "I would never take a case in Judge Orel's courtroom; you will receive more retaliation if I get involved."
h. "It wouldn't be fair to my other clients if I get involved."
i. "Call me if you get moved to a different courtroom"
j. "You shouldn't have protested outside of the courthouse. You are in bad standing with Judge Orel"

100. Intimidation and Threats by Opposing Counsel:
a. Defendant, Attorney John A. Conniff has engaged in direct intimidation tactics. On multiple occasions, he falsely accused Plaintiff, Jackie Sample of illegal activities, despite these claims being untrue.

b. Defendant, John A. Conniff threatened to call the police on Plaintiff, Jackie Sample, instilling fear and trauma, causing Plaintiff, Jackie Sample to remain in a coffee shop for hours, fearing a false arrest.

c. Defendant, John A. Conniff is fully aware of Defendant, Dr. Madison Sample's abusive behavior and continues to leverage legal threats and intimidation, further contributing to ongoing emotional, psychological and financial abuse towards the Plaintiff, Jackie Sample. In fact, around August 2023, John Conniff threatened my advocate was not allowed to attend court with me.

101. Retaliatory Legal Actions:

a. Around April 28, 2023, after Plaintiff Jackie Sample deposited a settlement check from a vehicle accident into the Sample joint BOA account to pay routine bills.

b. Defendant John A. Conniff, at his client's behest, threatened to file a motion against Plaintiff, Jackie Sample. This retaliatory motion was intended to intimidate Plaintiff, Jackie Sample, despite the fact that Plaintiff, Jackie Sample had not violated the April 11, 2023, court order.

c. Around June 2023, Defendant, Jackie Sample, filed a pro se motion, Rule to Show Cause, providing documented evidence of the financial abuse Plaintiff, Jackie Sample had been subjected to by Defendant, Dr. Madison Sample.

d. Defendant, John A. Conniff retaliated by filing a similar motion on a matter, which had already been settled between the attorneys regarding Plaintiff, Jackie Sample's check from an automobile claim.

e. Defendant, Attorney John A Conniff's action were targeted bullying in a clear attempt to harass, intimidate and undermine Plaintiff, Jackie Sample .

102. Conflict of Interest and Ethical Violations:

a. Plaintiff, Jackie Sample consulted with Attorney Candace Meyers of Beermann LLP, providing Candace Meyer with extensive details strategy about Plaintiff, Jackie Sample's divorce case.

b. However, after consulting with Attorney Candace Meyer, Plaintiff, Jackie Sample decided not to retain Beermann LLP.

c. Later, Defendant, Dr. Madison Sample and Defendant, John A. Conniff retained Defendants, Beermann LLP, Attorneys Matthew Elster, and Kathryn Mickelson.

103. Defendant Dr. Madison Sample, Defendant John A. Conniff, Defendant Beermann LLP, Defendant Matthew Elster, and Defendant Kathryn Mickelson are using Plaintiff, Jackie Sample's information against Plaintiff Jackie Sample. This presents a clear conflict of interest and is unethical, as it obstructed plain ability to retain competent legal counsel.

104. Obstruction of Legal Representation

a. Plaintiff, Jackie Sample sought to retain a new attorney following Defendants, Attorneys Meighan Harmon and Tracey Wertman of Schiller DuCanto and Fleck withdrew from Plaintiff, Jackie Sample's Case.

b. Despite Plaintiff, Jackie Sample efforts, numerous attorneys withdrew their offers to represent Plaintiff, Jackie Sample after speaking with Defendant, Attorney John A. Conniff.

105. In one instance, potential attorney DT, whom the Plaintiff, Jackie Sample intended to retain, contacted Plaintiff, Jackie Sample late one evening after speaking with Defendant,

Attorney John A. Conniff. The potential attorney stated, "You need to bring me onto the team, otherwise, John Conniff will file another motion against you."

106. Defendant, John Conniff filed a motion shortly after, when I did not retain attorney DT.

107. This coercion was a blatant attempt to control Plaintiff Jackie Sample's rights to select legal counsel of Plaintiff, Jackie Sample's choosing.

108. Plaintiff Jackie Sample was further informed by several attorneys that raising the issues of emotional and financial abuse would lead to negative repercussions from the Judge.

109. Hostile and Coercive Environment

a. The tactics used by Defendant, Attorney John A. Conniff has created a hostile and coercive legal environment that has obstructed Plaintiff, Jackie Sample's ability to retain fair and impartial legal representation.

b. This conduct, along with the misrepresentation of court orders, fraud, and manipulation, has significantly impacted Plaintiff, Jackie Sample's constitutional rights to due process and fair representation.

110. Ongoing Intimidation:

a. Defendant, Attorney John A. Conniff's continued threats, coupled with his manipulation of court proceedings, and other unethical actions, have made it impossible for Plaintiff, Jackie Sample to secure adequate legal counsel, resulting in severe emotional distress and financial harm.

b. Defendant, Attorney John A. Conniff behavior has obstructed Plaintiff, Jackie Sample's ability to obtain a fair and just resolution to this divorce case.

c. From December 2023 through March 2024, Plaintiff, Jackie Sample represented herself (pro-se) while continuing to search for adequate legal counsel. During this time, the Defendant, Dr .Madison Sample maintained unilateral control of marital assets, leaving Plaintiff, Jackie Sample financially disadvantaged and vulnerable to continued financial abuse.

d. Plaintiff, Jackie Sample attempts to secure legal representation were further obstructed by the actions of the Defendant, Dr. Madison Sample and his counsel, John A. Conniff.

e. Upon information and belief, attorneys who initially agreed to take my case backed out after speaking with opposing counsel, creating an ongoing pattern of interference that hindered my ability to receive fair and legal representation.

**111. Interference by Opposing Counsel, Attorneys John A. Conniff, Matthew Elster, Kathryn Mickelson Homburger**

a. Since June 2023, multiple attorneys have withdrawn from Plaintiff, Jackie Sample's case, Changed their demeanor, or declined representing Plaintiff, Jackie Sample after communicating with opposing counsel, Defendant, Attorney John A. Conniff. This pattern of interference from Defendants,

b. Upon information and belief, Attorneys John A. Conniff, Matthew Elster, and Kathryn Mickelson, have contributed to Plaintiff, Jackie Sample's continued struggle to maintain adequate and competent legal representation, leading to financial and emotional and psychological trauma

c. Presumed Collusion Between Defendant, Attorney John Conniff and all Defendants, including Plaintiff, Jackie Sample's former Attorneys, Defendants, Meighan Harmon and Tracey Wertz, of Schiller Ducanto and Fleck have caused financial harm, emotional and psychological trauma, and financial duress.

**112. EXHIBITS**
Emails between John Conniff and Meighan Harmon
Call records with Attorney DT
John Conniff listed as my attorney of record (i2File)
Email to John Conniff regarding police threat
Photos of Dr. Sample using our vehicle with time stamps
Misrepresentation of the April 11, 2023, agreed order by John Conniff

The Plaintiff Jackie Sample respectfully requests that this Honorable Court:

a. Sanction Attorney John Conniff for his misconduct, including the submission of falsified documents, intimidation, and obstruction of justice.

b. Order an investigation into the collusion between opposing counsel and multiple attorneys, which obstructed Plaintiff, Jackie Sample access to fair legal process

c. Support Investigation of All named and unnamed Defendants, including Attorney John Conniff's role in interfering with the Plaintiff, Jackie Sample's ability to secure legal representation, including Defendant's communication with attorneys who subsequently withdrew from representing Plaintiff, Jackie Sample in the 2023DN000129 family law case.

Grant any other relief deemed just and equitable by this Court, including compensation for the emotional and psychological distress, financial harm, and obstruction of legal process caused by Attorney John Conniff's Targeted bullying, intimidation, harassment and coercive control actions used against Plaintiff, Jackie Sample.

A payment of $25,000,000 for compensatory and punitive damages.

WHEREFORE, the Plaintiff, Jackie Sample prays this Court grants the relief requested. Plaintiff Jackie Sample requests that the court determine an appropriate amount for punitive damages, reflecting the severity of the law firm's legal malpractice and their impact on her life. The Plaintiff request a trial by jury on all issues of fact for damages stated herein

This amount should be sufficient to serve as a deterrent against future misconduct and to reflect the gravity of the violations experienced by opposing counsel, Defendant, John Conniff.

The Plaintiff, Jackie Sample, respectfully asks the court to hold the Defendant, Attorney John Conniff, accountable for legal misconduct, colluding, intimidation, targeted bullying, and using coercive control tactics against Plaintiff, Jackie Sample. The Defendant, attorney John Conniff has willfully inflicted pain and suffering, financial abuse, emotional and psychological harm, and mental anguish through repeated acts of malfeasance, with intent to harm and defraud Plaintiff, Jackie Sample of her entire estate, including her ability to receive due process.

113. Factual Background BEERMANN LLP: RELIEF DUE TO MISCONDUCT, FRAUD, INTIMIDATION, AND VIOLATIONS BY DEFENDANTS, BEERMANN LLP, ATTORNEYS MATTHEW ELSTER, AND KATHRYN MICKELSON HOMBURGER

a. The Plaintiff, Jackie Sample , pro se, and submits this Complaint seeking relief due to the unethical conduct, fraud, colluding targeted bullying and coercive control exerted by Defendants Attorneys Matthew Elster and Kathryn Mickelson Homburger, of Beermann LLP in collaboration with Defendant, Attorney John A. Conniff and Defendant, Dr. Madison Sample.

b. The actions of these parties have severely impaired Plaintiff, Jackie Sample's ability to receive a fair and impartial divorce process.

c. In support of this Complaint, Plaintiff states as follows:

114. Conflict of Interest and Improper Agreement with Opposing Counsel: Around June 2023, Plaintiff, Jackie Sample consulted with Defendant, Candace Meyers of Beermann LLP, and shared personal strategy related to Plaintiff, Jackie Sample's Dupage County divorce case.
115. Around June 2023, Plaintiff Jackie Sample consulted with Unnamed Defendant, Attorney Candace Meyers at Beermann LLP, sharing personal strategic details about her divorce case.

116. Following this consultation, unknown to Plaintiff, Jackie Sample, an agreement was reached between Defendant, John A. Conniff, opposing counsel for Defendant, Dr. Madison Sample, and Unnamed Defendant, Attorney Candace Meyers of Beermann LLP.

117. Defendant, Dr. Madison Sample indicated he was more than willing to pay for unnamed Defendant, Attorney Candace Meyers to represent Plaintiff, Jackie Sample in

the divorce. Despite Defendant Dr. Madison Sample's prior refusal to provide financial support, this sudden offer to fund Plaintiff's legal representation appeared to demonstrate a surprising "generosity." This raised concerns about whether Defendant, Beermann LLP could advocate independently and effectively on behalf of Plaintiff Jackie Sample

118. Due to these concerns, Plaintiff, Jackie Sample declined Defendant, Beermann LLP's representation in Plaintiff, Jackie Sample divorce case.

119. There is a recurring pattern of coercive control used against Plaintiff, Jackie Sample, with the intent to force Plaintiff, Jackie Sample into retaining legal representation of Defendant, Attorney John A.Conniff's and Defendant, Madison Sample's choosing.

120. This arrangement raised significant concerns, as Defendant, Dr. Madison Sample had been financially abusive towards Plaintiff, Jackie Sample.

121. Plaintiff, Jackie Sample had been forced to beg Defendant, Dr Madison Sample for money to cover basic needs such as food, which Defendant, Dr Madison Sample doled out money in small amounts of $100–$200 at his discretion.

122. His sudden willingness to cover legal costs for this specific attorney seemed highly suspicious, suggesting potential undue influence, control, and manipulation by both Defendants, Dr. Madison Sample and Attorney John A. Conniff.

123. By September 2023, Defendants, Dr. Madison Sample and his attorney, Defendant, John Conniff retained Defendant, Beermann LLP to join their legal team, creating a clear conflict of interest.

124. Defendants, Attorneys Kathryn Mickelson Homburger and Matthew Elster, of Beermann LLP and Attorney John A. Conniff is now using the information Plaintiff, Jackie Sample shared during Plaintiff, Jackie Sample's consultation with Unnamed Defendant, Candance Meyers in June 2023 against Plaintiff, Jackie Sample.

125. Misrepresentation and Withholding of Marital Funds by Defendants, Attorneys Kathryn Mickelson Homburger and Matthew Elster, of Beermann LLP and Attorney John A. Conniff.

126. Defendants, Beermann LLP, Attorneys Matthew Elster and Kathryn Mickelson Homburger, accepted the Defendant, Dr. Madison Sample's falsified financial affidavit without questions or due diligence.

127. Defendant, Dr. Madison Sample's falsified financial affidavit concealed the true financial position of Defendant, Dr. Madison Sample and hindered Plaintiff, Jackie Sample's ability to

secure funds to meet basic human needs such as food, utility payments, medical expenses, car repairs, and essential personal items.

128. Due to Defendant Beermann LLP's acceptance and perpetuation of the false financial narrative provided by the Defendant, Madison Sample, The Plaintiff, Jackie Sample, was denied access to marital funds, which left Plaintiff, Jackie Sample without the ability to afford basic human necessities.

129. The Defendants, Attorneys Matthew Elster and Kathryn Mickelson Homburger continually advised Defendant, Dr. Madison Sample's ongoing refusal to provide Plaintiff, Jackie Sample with basic human necessities were deliberately used as a method of coercive control, intimidation to willfully cause financial duress to force Plaintiff, Jackie Sample into accepting an unfair and unreasonable settlement.

130. Withholding of Health Insurance
Defendants, Attorneys Matthew Elster and Kathryn Mickelson Homburger of Beermann LLP, and specifically Defendant, Attorney Matthew Elster, intentionally withheld Plaintiff, Jackie Sample's health insurance for over seven months, using it as a tool of intimidation to pressure Plaintiff, Jackie Sample into accepting a settlement that would severely disadvantage Plaintiff, Jackie Sample.

131. The withholding of Plaintiff, Jackie Sample's health insurance, knowing her ongoing health issues, caused significant harm and left plaintiff, Jackie Sample without medical coverage during critical periods, causing her health to decline.

132. On January 5, 2024, Defendant Attorney Elster falsely led the court to believe that the Plaintiff, Jackie Sample had been provided with health insurance from Defendant, Dr Madison Sample.

133. However, the Defendant, Dr. Madison Sample only made a one-time payment, leaving Plaintiff, Jackie Sample uninsured for seven consecutive months, and Defendant, Attorney Matthew Elster was fully aware of but continued to willfully mislead the court.

134. When Plaintiff, Jackie Sample asked Attorney Matthew Elster to provide proof of Plaintiff, Jackie Sample, health insurance coverage, Defendant, Attorney Matthew Elster retaliated by filing a motion containing falsified information, furthering the intimidation and harassment which Plaintiff, Jackie Sample continued to experience.

135. Defendant, Attorney Matthew Elster's willfully filed a motion with misleading statements. Defendant, Matthew Elster's motion willfully sought to dismiss the original court order, requiring the Defendant, Dr. Madison Sample to provide Plaintiff, Jackie Sample with health insurance, compounding the already significant harm Plaintiff's Jackie Sample was enduring.

136. Alteration of Court Orders: Defendant Attorney Matthew Elster has a pattern of altering court orders to favor the Petitioner, thereby manipulating the judicial process and obstructing Plaintiff's right to a fair divorce process.

137. On several occasions, Mr. Elster has failed to accurately reflect Judge Orel's verbal orders in written documents, altering court documents, effectively skewing the case in favor of his client.

138. For example, in January 2024, court transcripts clearly show Judge Orel ordering my car to be repaired by Defendant, Dr. Madison. However, Elster intentionally omitted this instruction from the written court order.

139. Similarly, in December 2023, Judge Orel ordered monthly payments to be made to me by Defendant, Dr. Madison Sample. However, Defendant Attorney Matthew Elster altered the order to reflect a one-time payment, further disadvantaged me financially.

140. Defendants have shown Unethical Practices, conflict of interest, illegal actions, interference with Plaintiff, Jackie Sample's due process and misconduct and illegal actions by Defendants, Attorneys Matthew Elster and Kathryn Mickelson Homburger of Beermann LLP, and John Conniff.

141. Throughout this case, Defendant Beermann LLP has engaged in unethical practices that include the acceptance and perpetuation of falsified financial affidavits, the illegal withholding of marital funds, and the intentional omission of critical details from court records.

142. These actions of Defendants, Attorneys Matthew Elster and Kathryn Mickelson Homburger of Beermann LLP, and John Conniff demonstrate a willful intent to intimidate, use target bullying, and financially manipulate Plaintiff, Jackie Sample in an effort to force an unreasonable settlement in favor of the Defendant, Dr. Madison Sample.

143. Defendants, Attorneys Matthew Elster and Kathryn Mickelson Homburger of Beermann LLP's actions continually assisting Defendant, Dr. Madison Sample with financially strangling Plaintiff, Jackie Sample which interfered with Plaintiff, Jackie Sample's basic human needs, such as utilities, groceries, prescription medications, and necessary vitamins for Plaintiff, Jackie Sample's health, constitutes both coercive control and financial abuse, in direct violation of Plaintiff, Jackie Sample's Civil, Human and Constitutional Rights and needs.

144. Defendants, Attorneys Matthew Elster, Kathryn Mickelson Homburger of Beermann LLP, and John Conniff's actions continually assisting Defendant, Dr. Madison Sample with financially strangling tactics have placed Plaintiff, Jackie Sample under significant financial duress, causing personal harm and jeopardizing Plaintiff, Jackie Sample's investment properties, which have been forced into foreclosure as a result of obstruction of due process, legal misconduct, and illegal actions of All named and Unnamed Defendants

42

**145. Coercive Control, Targeted Bullying, and Intimidation Tactics**
Beermann LLP, Attorney John Conniff, and the Petitioner, Dr. Madison Sample, have used a variety of coercive tactics to gain an unfair advantage in this divorce process. These tactics include the deliberate withholding of marital funds and health insurance, the filing of false and retaliatory motions, and the manipulation of court orders.

146. This ongoing coercion is intended to force Plaintiff, Jackie Sample into submission and acceptance of an unfair and inequitable settlement, effectively stripping defendant, Jackie Sample of her rightful share of marital assets.

147. The withholding of basic living expenses and health insurance has caused extreme emotional and financial harm, leaving Plaintiff, Jackie Sample in a vulnerable position with limited resources and support.

148. Around May 2024, Plaintiff, Jackie Sample, was protesting in front of Defendant, Beerman LLP, office in downtown Chicago. While protesting, plaintiff Jackie Sample, encountered founding partner, Attorney Miles N. Beerman.

149. Attorney Miles Beerman introduced himself as the founding father of Beerman LLP, and commented that plaintiff, Jackie Sample's, protest was not a good for his firm. Mr. Miles Beerman then asked "Do you know how long it took to build this firm?" Plaintiff, Jackie Sample, then informed Attorney Miles Beerman that she (Plaintiff) previously consulted with attorney, Candace Meyer from his firm around June 2023, at which time detailed information was shared. Although Plaintiff, Jackie Sample, did not retain attorney Candace Meyer of Beerman LLP, Defendant, Dr Madison Sample did retain Beerman LLP shortly afterward. Defendant, Dr. Madison Sample's retention of Beerman LLP, created a clear conflict of interest. Plaintiff, Jackie Sample stated that despite being a conflict of interest, Defendants, Attorney Matthew Elster and defendant Katheryn Michelson Homburger of Beerman LLP, have refused to step down from the case.

150. Attorney Miles Beerman stated he would speak with the attorneys involved, fix this and follow up with a note or phone call. Minutes later, upon information and belief, Mr. Miles Beerman sent a strange man aka "THE INTIMIDATOR" to accost Plaintiff, Jackie Sample on the street. This stranger walking circling Plaintiff, Jackie Sample, repeatedly stated Plaintiff, Jackie Sample's full name, town lived in, the judge wants your house sold. This intimidator began using his cell phone to record Plaintiff, Jackie Sample (EXHIBIT G INTIMIDATOR). Plaintiff, Jackie Sample took out her cell phone to record the intimidator back. The intimidator then stated he wanted some equity from Plaintiff, Jackie Sample's home.

151. As Plaintiff, Jackie Sample, took phone out to start recording, the intimidator quickly walked away. Plaintiff, Jackie Sample caught up to him in order to identify stranger.

152. Later in court, Defendant Matthew Elster, acknowledged to know the identity of this stranger. Defendant Elster made misleading statements that the stranger was Plaintiff, Jackie Sample's attorney.

153. Around April 10, 2024, upon information and belief, Defendant, attorney Matthew Elster of Beerman LLP, had a man using his cell phone to record Plaintiff, Jackie Sample inside the courtroom, while Plaintiff, Jackie Sample was on the witness stand. Stranger was seen later, after court laughing with Defendant, Attorney Matthew Elster.

**154. Pattern of Making False Statements, Submitting Documentation With Falsified Information and Using Intimidation and Retaliation**
section 103 of the Illinois Domestic Violence act, Also found within chapter 750 of the Illinois code.
"Interference with personal liberty" as committing or threatening harassment or intimidation so as to compel another to engage in conduct from which she or he has a right to abstain or to refrain from conduct in which she or he has the right to engage.

155. Defendant Attorney Matthew Elster has repeatedly filed documents containing falsified information and made false statements during court proceedings to mislead the court in Defendant, Dr. Madison Sample interests. His ongoing actions to alter court orders, and provide inaccurate information, including health insurance are one of many examples of Mr. Elster's actions to deceive the court, and deliberately cause Plaintiff, Jackie Sample physical, emotional, and psychological harm.

156. When Plaintiff Jackie Sample inquired about proof of insurance, Plaintiff Jackie Sample inquiry exposed Attorney Defendant, Matthew Elster's falsehoods as I sought accurate information. In response, Defendant attorney Matthew Elster filed a retaliatory motion with falsified information and claims aimed at exerting coercive control, intimidating Plaintiff Jackie Sample and manipulating the legal process to Plaintiff, Jackie Sample's detriment. **(Exhibit: Motion to Amend Order for Insurance and Motion for Restraining Order; court transcripts show Mr. Elster's false statements regarding Dr. Sample's income).** Presumed Collusion with Other Attorneys

**157. Harm Caused by Ongoing Misconduct**
The ongoing actions of Defendants Attorneys John A. Conniff, Matthew Elster, and Kathryn Mickelson Homburger, in collaboration with the Defendant Dr. Madison Sample, have caused significant emotional distress, financial hardship, and legal harm.

158. Defendants John A. Conniff, Matthew Elster, and Kathryn Mickelson Homburger behavior have been malicious and intended to willfully obstruct Plaintiff, Jackie Sample's access to justice, depriving Plaintiff, Jackie Sample of basic human rights, and manipulate the legal process for Defendants' own gain.

**159. EXHIBITS**
a. Emails between Beermann LLP, John Conniff, and the Petitioner
b. Falsified financial affidavit submitted by the Petitioner
c. Call logs and emails documenting the withholding of health insurance
d. Court transcripts from December 2023 and January 2024 showing Judge Orel's verbal orders
e. Altered written court orders by Attorney Matthew Elster ·
Retaliatory motion filed by Attorney Elster regarding health insurance

**160. FACTUAL BACKGROUND, ATTORNEY ASHONTA RICE AND LYNNA HOLLI, REQUEST FINANCIAL RELIEF, AND DISCLOSURE DUE TO MISCONDUCT, NEGLIGENCE, LEGAL MALPRACTICE, UNDERREPRESENTATION AND FAILURE TO PROVIDE ADEQUATE LEGAL REPRESENTATION BY ATTORNEYS ASHONTA RICE AND LYNNA HOLLIS**

161. NOW COMES the Plaintiff, Jackie Sample, Pro Se, and submits this Motion seeking relief, and disclosures due to inadequate legal representation and under representation by Defendant Attorneys Ashonta Rice and Unnamed Defendant, Lynna Hollis. Plaintiff, Jackie Sample, asserts that both Defendant attorneys Ashonta Rice and Unnamed Defendant, Lynna Hollis failed to advocate and provide adequate legal representation to protect Plaintiff, Jackie Sample's financial interests, contributing to ongoing financial and emotional harm during her divorce proceedings. In support of this Complaint , Plaintiff states as follows:

**162. Retention of Attorney Ashonta Rice and Initial Court Appearance**
In late November 2023, Plaintiff Jackie Sample retained Defendant Attorney Ashonta Rice to represent Plaintiff Jackie Sample in her divorce case. Due to her campaign for a judicial seat, Defendant Ashonta Rice did not have time to meet with Plaintiff, Jackie Sample before the first court appearance around November 21, 2023.

163. Despite Plaintiff Jackie Sample clear communication regarding the Defendant's Dr. Madison Sample omission of key financial details, including over $5,000,000 in digital currency, business interests, and the true value of his salary, Defendant Ashonta Rice agreed with Unnamed Defendant, Judge James Orel grossly underrepresenting The Samples' financial estate during the court proceedings.

164. After the hearing, Plaintiff Jackie Sample immediately expressed Plaintiff Jackie Sample's concerns to Defendant Ashonta Rice about Defendant, Ashonta Rice's failure to correct opposing counsel, Defendant, Matthew Elster and Unnamed Defendant, Judge Orel's misrepresentation of The Samples' finances, which drastically lowered the value of the Samples Marital Estate. Defendant, Ashonta Rice assured Plaintiff, Jackie Sample that Defendant, Ashonta Rice would rectify these misrepresentations but Defendant, Ashonta Rice failed to do so.

165. Defendant Ashonta Rice and Plaintiff Jackie Sample were scheduled to meet at Plaintiff Jackie Sample's home office around November 25, 2023.

45

166. Defendant Ashonta Rice arrived accompanied by her children.

167. To facilitate the meeting, Plaintiff escorted Defendant's children downstairs to her home theater, allowing Defendant to focus on work.

168. During the short meeting, Defendant Ashonta Rice failed to review the case documents, stating that her scanner was not working and that she lacked time to review the documentation due to a prior scheduled appointment.

169. Upon retrieving Defendant, Ashonta Rice's children, Defendant Ashonta Rice's daughter asked Plaintiff if they could buy Plaintiff's home. This statement suggested the child had overheard conversations about the matter while en route to Plaintiff's home.

170. Defendant, Ashonta Rice scheduled another meeting around November 26, 2023 the following day at Defendant, Ashonta Rice's home. Attorney Lynna Hollis and Plaintiff, Jackie Sample were scheduled to attend this meeting with Defendant, Attorney Ashonta Rice at Defendant, Attorney Ashonta Rice's home.

171. Attorney Lynna Hollis called Plaintiff, Jackie Sample as Plaintiff, Jackie Sample was on her way to Defendant, Attorney Ashonta Rice's home to attend the planned meeting scheduled by Defendant, Ashonta Rice the previous day. Unnamed Defendant, Attorney Lynna Hollis informed Plaintiff , Jackie Sample that Defendant, Attorney Rice had cancelled the meeting.

172. Defendant, Ashonta Rice then informed Plaintiff, Jackie Sample of Defendant, Ashonta Rices's trip to Springfield Around November 27, 2023 the following day and Defendant Ashonta Rice's unavailability to meet until days later.

173. Plaintiff, Jackie Sample continually requested time with Defendant Ashonta Rice to go over documentation and facts for an upcoming hearing on multiple matters for Plaintiff, Jackie Sample on November 30, 2023.

174. Defendant, Attorney Ashonta Rice continually made excuses to not meet and discuss the case with Plaintiff, Jackie Sample.

Due to Defendant, Attorney Rice's refusal to meet and discuss the case and the upcoming hearing for multiple matters on November 30, 2023 for Plaintiff, Jackie Sample, Plaintiff, Jackie Sample did not trust Defendant, Attorney Ashonta'a ability to provide adequate representation on multiple matters scheduled for the November 30, 2023 court appearance.

175. Due to the recurring pattern of previous attorneys colluding Plaintiff, Jackie Sample believed that Defendant, Ashonta Rice's refusal to meet and discuss the matters were due to the matters being predetermined and already decided in Defendant, Dr. Madison Sample's favor.

176. Due to Defendant, Attorney Ashonta Rice's unwillingness to meet and discuss the case, Plaintiff, Jackie Sample distrust of Defendant, Attorney Ashonta Rice, Plaintiff, Jackie Sample terminated Defendant, Ashonta Rice Around November 29, 2023, prior to the November 30, 2023 court appearance.

46

177. Plaintiff, Jackie Sample was unable to attend court proceedings on November 30, 2023. Unnamed Defendant Attorney Lynna Hollis was aware that Plaintiff, Jackie Sample was unable to attend the November 30, 2023 court appearance.

178. Although Plaintiff, Jackie Sample terminated Defendant, Attorney Ashonta Rice, Defendant Attorney Ashonta Rice appeared in court at Plaintiff, Jackie Sample's hearing on November 30, 2023.

179. Defendant, Attorney Ashonta Rice acceptance of Judge Orel's rush to schedule multiple hearings within a couple of weeks of Defendant, Ashonta Rice accepting Plaintiff, Jackie Sample's case was suspicious.

180. The recurring pattern of attorney misrepresentation and underrepresentation coupled with judicial misconduct in Plaintiff, Jackie Sample's case extended far beyond financial matters.

181. During the November 30, 2023 court appearance, Defendant Ashonta Rice, Defendant, Attorney Mathew Elster, Unnamed Defendant, Attorney Lynna Hollis, and Unnamed Defendant, Judge James Orel colluded in a depraved manner to willfully cause harm to Plaintiff, Jackie Sample.

182. Defendant, Attorney Ashonta Rice who was terminated, appeared in court against Plaintiff, Jackie Sample's Expressed wishes.

183. Defendant, Attorney Ashonta Rice appeared in court with the intent to retaliate and willfully harm Plaintiff, Jackie Sample.

184. Upon information and belief, Defendant, Attorney Ashonta Rice colluded with Defendant, Attorney Matthew Elster to willfully harm Plaintiff, Jackie Sample (See November 30, 2023 transcript)

185. During the November 30, 2023 court appearance, Defendant, Attorney Ashonta Rice initiated a conversation in court, suggesting a guardianship against Plaintiff Jackie Sample.

186. During the November 30, 2023 court appearance, Unnamed Defendant, Lynna Hollis called Jackie Sample from court, urging Plaintiff, Jackie Sample to get to the courthouse.

187. Unnamed Defendant, Lynna Hollis stated that Unnamed Defendant, Judge James Orel asked Unnamed Defendant, Lynna Hollis to leave the courtroom.

188. Plaintiff, Jackie Sample stated an inability to attend this court hearing to Unnamed Defendant, Lynna Hollis.

189. Plaintiff, Jackie Sample asked Unnamed Defendant, Lynna Hollis to return to the courtroom on Plaintiff, Jackie Sample's behalf and expressed concerns for not having legal representation during this proceedings. Unnamed Defendant, Lynna Hollis stated " I don't want to lose my license" to Plaintiff, Jackie Sample.

190. Defendant, Attorney Ashonta Rice initiated a campaign for Unnamed Defendant Judge James Orel to advise and force Unnamed Defendant, Attorney Lynna Hollis to initiate a mental health or guardianship petition against Plaintiff, Jackie Sample, asserting that this was an emergency issue.

191. This suggestion was targeted bullying, intimidation and was intended to coerce Plaintiff, Jackie Sample out of Plaintiff, Jackie Sample's home, in line with Defendant, Madison Sample's threats to force Plaintiff, Jackie Sample into signing an unreasonable settlement.

192. Defendant, Attorney Ashonta Rice was aware of Judge James Orel's rush to schedule hearings and issue rulings without completing discovery, as well as his ongoing refusal to allow Plaintiff, Jackie Sample access to marital funds to retain a forensic accountant to investigate dissipation and financial manipulations by Defendant, Madison Sample, demonstrates clear judicial bias.

193. Defendant, Attorney Ashonta Rice refused to provide adequate legal representation during her retention.

194. Defendant, Attorney Ashonta Rice colluded, providing misleading statements to undermine Plaintiff, Jackie Sample's well being.

195. Upon information and belief, Defendant, Attorney Ashonta Rice provided misleading statements to undermine Plaintiff, Jackie Sample while colluding with others to take control over Plaintiff, Jackie Sample's share of Plaintiff, Jackie Sample's financial estate.

196. Defendant, Attorney Ashonta Rice refused to protect Plaintiff, Jackie Sample's financial interest and overall well being.

197. Defendant, Attorney Ashonta Rice actions have resulted in severe emotional harm, emotional duress, psychological trauma, mental anguish, and significant financial loss.

WHEREFORE, Plaintiff requests the Court to

Grant the relief requested, including punitive damages to reflect the severity of the law firm's malpractice and its impact on Plaintiff's life, serving as a deterrent against future misconduct.

Grant Damages for misrepresentation, legal negligence, and underrepresentation.

Plaintiff Jackie Sample respectfully requests that the Court hold Defendant Attorney Ashonta Rice fully accountable for her egregious conduct and grant Plaintiff the requested $25,000,000 in compensatory and punitive damages as outlined in the lawsuit.

Grant Any other relief the Court deems just and equitable

**Factual Background JUDGE KENTON SKARIN: Filing Appearance and Pro Se Motion : Judicial Misconduct:**

198. In June 2023, after Schiller, Ducanto & Fleck LLP withdrew from Plaintiff, Jackie Sample's case, Plaintiff Jackie Sample filed her appearance as a pro se litigant.

199. Plaintiff, Jackie Sample also filed a motion and a Rule to Show Cause, along with supporting documents, outlining the financial abuse and the falsified financial affidavit submitted by the Defendant, Madison Sample.

200. Unnamed Defendant, Judge Kenton Skarin showed a pattern of Judicial Disregard for Financial Abuse

201. Despite submitting these filings, Judge Kenton Skarin disregarded Plaintiff, Jackie Sample's pro se motion and supporting evidence.

202. Defendant, Madison Sample's falsified financial affidavit, which grossly underreported Defendant, Madison Sample's income, was accepted by Unnamed Defendant, Madison Sample without question.

203. Defendant, Dr. Sample, a successful anesthesiologist, claimed an income of $12,000 per month, which is less than 25% of Defendant, Madison Sample's actual income.

204. Defendant, Dr. Sample earns a minimum of $48,000 per month.

205. The $48,000 per month earned by Defendant, Dr. Madison Sample does not include substantial investments and business interests that the Defendant, Dr. Madison Sample took unilateral control of after Defendant, Dr. Madison Sample filed for divorce in February 2023.

206. Plaintiff, Jackie Sample was not allowed to speak or defend Plaintiff, Jackie Sample during the June 2023 hearing.

207. Defendant, Attorney John Conniff made false statements on the record during the June 2023 court appearance, which went unchallenged

208. Plaintiff, Jackie Sample was not allowed to speak and Plaintiff, Jackie Sample was not given the opportunity to correct misleading statements made by Defendant, John Conniff

209. Plaintiff, Jackie Sample's written statements and supporting documentation showing Defendant, Madison Sample's financial strangulation and abuse were ignored by Unnamed Defendant, Judge Kenton Skarin.

210. Unnamed Defendant, Judge Skarin, repeatedly supported Defendant, Dr. Madison Sample and Attorney Conniff's misrepresentations of Defendant, Dr. Madison Sample' Falsified financial

49

affidavits and failed to question the Defendant, Dr. Madison Sample's forged financial documents, even though the financial records clearly demonstrated substantial discrepancies.

211. During court proceedings, Judge Kenton Skarin suggested legal strategies to opposing counsel, Defendant, Attorney Conniff, which demonstrated clear judicial bias in favor of the Defendant, Dr. Madison Sample

**Emergency Motion to Reinstate Financial Status Quo**

212. In August 2023, my previous counsel, Attorney Shawn Monroe filed an emergency motion to reinstate the financial status quo, as the Defendant, Dr. Madison Sample had closed joint accounts, blocked Plaintiff, Jackie Sample's access to financial resources, and left Plaintiff, Jackie Sample without financial support and basic human needs.

213. Plaintiff, Jackie Sample was constantly subjected to humiliation, begging for twenty minutes and longer until the Defendant, Dr. Madison Sample decided if he would give Plaintiff, Jackie Sample money for casing the car, personal care, and basic human needs, willfully dehumanize and breaking Plaintiff, Jackie Sample down .

214. Unnamed Defendant, Judge Kenton Skarin, however, declared that this motion was not urgent and prioritized the Defendant, Dr. Madison motion to force the sale of the Plaintiff, Jackie Sample's marital home.

215. The motion to force the sale of Sample's marital home is based on falsified financial affidavits submitted by Defendant, Madison Sample in an attempt to further defraud the legal system and Plaintiff, Jackie Sample, from obtaining Plaintiff, Jackie Sample's share of marital assets.

216. a. Defendant, Dr. Madison Sample reported earning $12,000 per month, claiming the Defendant, Dr. Madison Sample could not afford the home due to earning $12,000 per month.

b. The The Defendants, Dr. Madison Sample and Attorney John Conniff claimed the Sample home's value was $1.8 million in an attempt to aid Defendants, Dr. Madison Sample, Attorney John Conniff, and Unnamed Defendant, Judge Kenton Skarin, to defraud Plaintiff, Jackie Sample of approximately ($1,000,000,) one million from Forcing The Sale Of The Sample's Newly Constructed Home which happens to be Valued at appoximately two million, nine hundred thousand ($2,900,000).

217. a. The Defendant, Dr. Madison Sample's income is a minimum $48,000-to over $70,000 per month from the hospital alone, including Sample Anesthesia, Bernstein and Reikes and other business interest started with marital funds. The actual value of the home, according to an appraisal, is $2.8 million.

b. Unnamed Defendant, Judge Kenton Skarin and others denied Plaintiff, Jackie Sample due process on these matters and more.

218. The motion seeks to force the sale of the home in a way that would leave Plaintiff, Jackie Sample with only $100,000 from the sale proceeds, further crippling Plaintiff Jackie Sample's financially disadvantage.

219. The court refused to address Financial and Emotional Abuse

220. Unnamed Defendant, Judge Kenton Skarin knowingly allowed the Defendant, Dr. Madison Sample to continue financial strangulation, emotional and psychological abuse against Plaintiff, Jackie Sample, despite being fully aware of the abusive dynamics as described in Attorney Shawn Monroe's motion and Plaintiff, Jackie Sample's pro se filings around June 2023.

221. Plaintiff, Jackie Sample submitted messages from Defendant, Madison Sample as supporting documents that demonstrated the emergency of the financial, emotional and psychological coercion and abuse carried out by Defendant, Dr. Madison Sample against, Plaintiff, Jackie Sample.

222. Unnamed Defendant, Judge Kenton Skarin dismissed Plaintiff, Jackie Sample's motion and ignored former attorney, Shawn Monroe' motion and documentation, sending Plaintiff, Jackie Sample back into an abusive situation without addressing Plaintiff, Jackie Sample's need for basic human needs and financial support, denying Plaintiff, Jackie Sample due process.

223. Defendant, Madison Sample's strategy of withholding finances and pressuring Plaintiff, Jackie Sample into accepting an unreasonable settlement terms was enabled by Unnamed Defendant, Judge Skarin's refusal to take action on motions to protect Plaintiff, Jackie Sample.

224. Unnamed Defendant, Judge Kenton Skarin showed consistent support for the Defendant, Dr. Madison Sample's illegal actions by denying Plaintiff, Jackie Sample due process.

225. Unnamed Defendant, Judge Kenton Skarin Denied Plaintiff, Jackie Sample due process, not allowing Plaintiff, Jackie Sample the Opportunity to Speak at a court appearance, and more.

226. During court appearances, Plaintiff, Jackie Sample was denied the opportunity to speak or advocate for herself.

227. Unnamed Defendant, Judge Skarin scolded Plaintiff Jackie Sample for not having an attorney and refused to acknowledge that Plaintiff, Jackie Sample was being financially strangeled and had been left without legal representation due to Defendant, Madison Sample's financial abuse and misconduct and underrepresentation by Defendants, Attorneys, Meighan Harmon and Tracey Wertman of Schiller Ducanto & Fleck LLP.

228. Unnamed Defendant, Judge Skarin threatened to set maintenance payments based on the Defendant, Dr. Madison Sample's falsified financial affidavit, despite knowing Defendant Madison Sample's financial affidavit grossly underrpresented Defendant, Dr. Madison Sample's income and assets.

229. After Schiller, Ducanto & Fleck LLP withdrew from my case, wilfully leaving Plaintiff, Jackie Sample in a financially and legally vulnerable position, Plaintiff, Jackie Sample, was unable to retain another attorney due to the financial abuse imposed by the Defendant, Madison Sample and colluding between Defendant, Attorney John Conniff and other attorneys.

230. Defendant, Madison Sample had taken unilateral control over the couples's joint financial accounts, blocked Plaintiff, Jackie Sample's access to marital funds, and wilfully left Plaintiff, Jackie Sample without the resources to pay for further legal representation.

231. Despite filing pro se motions that included documented evidence of Defendant, Madison Sample's financial abuse and the falsification of Defendant, Madison Sample financial records, Unnamed Defendant, Judge Kenton Skarin continued to ignore Plaintiff, Jackie Sample pleas for relief and failed to address the financial strangulation Plaintiff, Jackie Sample was facing.

232. Around September 27, 2023, Plaintiff, Jackie Sample appeared in court for an Order of Protection.
233. Plaintiff, Jackie Sample's domestic advocate, Lynn, attended the court session with Plaintiff, Jackie Sample.

234. At the time, the Defendant, Madison Sample had not yet been served.

235. Domestic Abuse Advocate, Lynn, on Plaintiff, Jackie Sample's behalf, requested that Unnamed Defendant, Judge Kenton Skarin extend the motion for the Order of Protection to allow time for Defendant, Madison Sample to be served.

236. However, Unnamed Defendant, Judge Kenton Skarin refused this request.
237. Domestic Abuse Advocate, Lynn expressed confusion over the refusal, particularly because extending the time to serve Defendant, Madison Sample is a common procedural practice.

238. Unnamed Defendant, Judge Kenton Skarin repeatedely showed bias favoring Defendant, Dr. Madison Sample while abusing Unnamed Defendant, Judge Kenton Skarin judical power against Plaintiff, Jackie Sample.

239. Unnamed Defendant, Judge Kenton Skarin's repeated refusal to allow me to speak, his support for opposing counsel's false statements, and his consistent dismissal of my motions and evidence demonstrate judicial misconduct and bias.

240. In light of this misconduct, I filed a motion for the substitution of Unnamed Defendant, Judge Kenton Skarin, as Petitioner, Jackie Sample believe Petitioner, Jackie Sample cannot receive a fair trial under Unnamed Defendant, Judge Kenton Skarin's oversight.

241. Petitioner, Jackie Sample's case was transferred due to the motion for substitution of Judge by right. However, Unnamed Defendant, Judge Kenton Skarin refused to extend the Order of Protection, despite Petitioner, Jackie Sample's domestic abuse advocate's request. The lack of explanation or legal reasoning behind Unnamed Defendant, Judge Kenton Skarin's refusal further contributed to growing concerns about the handling Petitioner, Jackie Sample's divorce case.

**Motion to Drop Order of Protection**
242. Despite never petitioning the court to drop the Order of Protection, I received a letter stating that the Petitioner's request to drop the Order of Protection had been granted. This action was taken without Petitioner, Jackie Sample requesting this action and without input or any opportunity for Petitioner, Jackie Sample to be heard, further contributing to Petitioner, Jackie Sample not receiving a fair or unbiased divorce process.
WHEREFORE, the Respondent respectfully requests that this Honorable Court:

1. Review the actions of Unnamed Defendant, Judge Kenton Skarin regarding ongoing judicial bias and misconduct.
2. Investigate why Unnamed Defendant, Judge Kenton Skarin ignored obvious financial discrepancies in the Petitioner's falsified financial affidavit, including the understated income and the inaccurate valuation of the marital home.
3. Reinstate the financial status quo to provide the Respondent with access to joint marital funds, including the investments and business interests controlled by the Defendant, Dr. Madison Sample, to prevent further financial abuse.
4. Deny the Defendant's Motion To Force The Sale Of The Marital Home, as it is based on falsified financial information.
5. Grant any other relief that this Court deems just and equitable, including reimbursement for the financial, emotional, psychological harm and more caused by the All Defendants named and Unnamed.

**3g. Factual Background JUDGE JAMES OREL**

NOW COMES, the Petitioner, Jackie Sample, pro se, and respectfully submits this motion to formally lodge a complaint against Judge James Orel for consistent judicial misconduct, bias, hostility, and actions that undermine my right to a fair trial in the case of Madison Sample vs. Jackie Sample, Case No. 2023DN000129. I present this motion with the following facts and exhibits to support my claim that Judge Orel's actions have compromised the integrity of the judicial process and have caused significant harm to my case and personal well-being.

Domestic Abuse Advocate, Lynn, on Plaintiff, Jackie Sample's behalf, requested that Unnamed Defendant, Judge James Orel extend the motion for the Order of Protection to allow time for Defendant, Madison Sample to be served. At a recent December 2024 court appearance, My domestic abuse advocate, Michelle, attended court. Judge Oral yelled, ordering Michelle, my Domestic abuse advocate not to return to court with me. Judge Orel was so aggressive and hostile towards me. Following court, Michelle my domestic advocate felt the need to return to Judge Orel's courtroom. Michelle stated to Judge Orel "I was in court to provide our client, Jackie Sample with emotional support": in hopes that Judge Orel would not further retaliate against me at the next court appearance three days later.

236. However, Unnamed Defendant, Judge James Orel refused this request.

237. Domestic Abuse Advocate, Lynn expressed confusion over the refusal, particularly because extending the time to serve Defendant, Madison Sample is a common procedural practice.

238. Unnamed Defendant, Judge James Orel has created an environment where Plaintiff, Jackie Sample does not feel safe inside of the courtroom.

239. Plaintiff, Jackie Sample, fear for Plaintiff, Jackie Sample's safety inside and outside of the courtroom.

240. Plaintiff, Jackie Sample submitted a Formal Complaint with the Judicial Inquiry Board Against Unnamed Defendants, Judge James Orel and Kenton Skarin for bias, Judicial misconduct, emotional and psychological abuse, intimidation, and harassment.

241. Bias and Hostility in the Courtroom: Unnamed Defendant, Judge James Orel has consistently displayed clear bias in favor of Defendant, Dr. Madison Sample, throughout Plaintiff, Jackie Sample's court proceedings.

242. This bias manifests through frequent interruptions, threats, intimidation and harassment, preventing myself and some former attorneys to present critical information, particularly financially related.

243. Court transcripts (Exhibit: Court Transcripts and Orders) clearly demonstrate that while Plaintiff, Jackie Sample is repeatedly interrupted, threatened, harassed, intimidated, denied due process and treated with hostility, Defendants, Dr. Madison Sample and his legal team, Defendants, Attorneys Mathew Elster, John Conniff, Kathryn Michelson Homburger are treated with respect and bias actions against Plaintiff, Jackie Sample.


244. This ongoing unequal treatment and actions violate Plaintiff, Jackie Sample's Civil, Human, and Constitutional Right to a fair and impartial hearing.

245. Furthermore, despite Defendant, Dr. Madison Sample submitting three forged financial affidavits, Unnamed Defendant, Judge James Orel used targeted bullying against Plaintiff, Jackie Sample.

246. Plaintiff, Jackie Sample was singled out and threatened with jail time and sanctions for pointing out Defendant, Dr. Madison Sample's financial discrepancies.

247. These threats were made against Plaintiff, Jackie Sample although Defendant, Dr. Madison Sample submitted forged financial disclosures, perjury and more

248. Forged Financial Affidavits and Judicial Overreach: Madison Sample, a highly successful anesthesiologist, has been allowed to submit falsified financial affidavits, which both Unnamed Defendants, Judge Kenton Skarin and Judge James Orel accepted without question.

249. Defendant, Dr. Madison Sample's continually submits forged financial documentation, including Falsified 2022 and 2023 Tax Returns depicting a lower income for Defendant, Dr. Madison Sample.

250. Defendant, Dr. Madison Sample's actual income and Plaintiff, Jackie Sample's assets, business ownership, including significant marital assets such as digital currency and business interests are multi-millions.

251. The true value of the Plaintiff, Jackie Sample and Defendant, Dr. Madison Sample's assets are ignored and downplayed by Unnamed Defendants, Judge James Orel, Judge Kenton Skarin and the other Defendants named in this lawsuit.

252. Unnamed Defendants, along with Judge Kenton Skarin, Judge James Orel, and other named Defendants in this lawsuit, knowingly assisted Defendant Dr. Madison Sample in concealing falsified financial documentation. They also participated in creating, filing, or signing orders containing false information against the Plaintiff, Jackie Sample.

253. Unnamed Defendants, Judge Kenton Skarin, Judge James Orel, and the other named Defendants willingly participated in multiple unlawful filings and Orders, including The "Order to Force The Sell Of The Marital Home" Without financial discovery Completion.

254. Judge Orel issued an order to force the sale of our marital home based upon Madison's fraudulent financial affidavit, despite the fact that discovery had not been completed.

255. This order was made despite clear evidence that Madison was concealing assets and manipulating marital funds, as presented to the court by Plaintiff, Jackie Sample in previous court appearances, Exhibit Proof of Income, Bank Statements, Madison's Timesheets, and Order for Sale of Marital Home.

256. The court's failure to hold Madison accountable for his illegal financial actions, disregarding court hundreds of thousands in dissipation of marital assets, illegally taking

unilateral control over all marital assets and investments, closing joint accounts and more, causing severe financial harm to Plaintiff, Jackie Sample, then fleeing the jurisdiction absconding with millions in the Plaintiff, Jackie Sample share of the marital estate.

257. **Denial of Basic Financial Stability and Necessities:** Despite numerous motions to reinstate the financial status quo, and the April 11, 2023 Agreed Court Order, Unnamed Defendant, Judge James Orel and Judge Kenton Skarin consistently ignored my requests to reinstate the Financial Status, leaving me in financial distress.

258. This ongoing financial abuse has left Plaintiff, Jackie Sample unable to meet basic needs such as food, healthcare, and utilities.

258. Plaintiff, Jackie Sample was forced to rely on welfare assistance to survive, while Defendant, Dr. Madison Sample continues to illegally unilaterally control millions in marital assets and dissipating hundreds of thousands in marital funds with the court's permission.

259. Unnamed Defendant, Judge Orel's dismissive attitude towards Plaintiff, Jackie Sample's financial abusive circumstances was evident when Unnamed Defendant, Judge James Orel smirked during a discussion about Plaintiff, Jackie Sample's reliance on food stamps and not having enough welfare assistance to purchase food for an entire month.

260. Unnamed Defendant, Judge James Orel's declaration that Plaintiff, Jackie Sample's "status quo had not changed" despite clear evidence to the contrary further demonstrates Unnamed Defendant, Judge James Orel's disregard for Plaintiff, Jackie Sample's well-being and Unnamed Defendant, Judge James Orel's bias in favor of Defendant, Dr. Madison Sample, willfully keeping Plaintiff, Jackie Sample at a financial disadvantage.

261. Pattern of Judicial Misconduct and Bias: Instead of appointing a forensic accountant, Unnamed Defendant, Judge James Orel appointed Defendant, Attorney Andrew Cores, a divorce attorney with no forensic training to manage our complex financial matters.

262. In Fact, Defendant, Andrew Cores has no training in accounting.

263. Unnamed Defendant, Judge James Orel's decision is highly unusual and raises questions about the integrity of the judicial process in my case.

264. Upon information and belief, Unnamed Defendant, Judge James Orel appointed Defendant, Andrew Cores to further cover up for Defendant, Dr. Madison Sample's financial fraud.

265. Judicial Intimidation and Retaliation: Unnamed Defendant, Judge James Orel repeatedly retaliated against Plaintiff, Jackie Sample for advocating on Plaintiff, Jackie Sample's behalf.

266. Unnamed Defendant, Judge James Orel aggressive and hostile demeanor towards Plaintiff, Jackie Sample in court, as well as Unnamed Defendant, Judge James Orel's ongoing disregard for Plaintiff, Jackie Sample's financial hardship, has escalated to the point where Plaintiff, Jackie

Sample no longer feel safe outside our inside of Unnamed Defendant, Judge James Orel's courtroom.

267. **Improper Courtroom Conduct and Unsafe Environment**: During an April 3, 2024 hearing, a stranger in the courtroom aimed his cell phone at Plaintiff, Jackie Sample, seemingly recording Plaintiff, Jackie Sample's testimony against Plaintiff, Jackie Sample's wishes(Witness statements and April 2024 court transcripts).

268. When Plaintiff, Jackie Sample requested that the individual stop recording Plaintiff, Jackie Sample, Unnamed Defendant, Judge James Orel responded with yelling and hostility towards Plaintiff, Jackie Sample, further contributing to the unsafe and unfair environment in the courtroom.

269. Around May 23, 2024, Plaintiff, Jackie Sample was accosted by a stranger stating Unnamed Defendant, Judge James Orel demanded the sale of Plaintiff, Jackie Sample's home. (Exhibit: Photo of Intimidator and Video Evidence). This incident is a direct result of the hostile environment fostered by Judge Orel in his courtroom.

270. Erosion of Public Trust and Denial of Representation: Judge Orel's conduct has not only harmed Plaintiff, Jackie Sample's case but has also eroded public trust in the judiciary system.

271. Attorneys have expressed fear of retaliation if they assist Plaintiff, Jackie Sample's case, making it impossible for Plaintiff, Jackie Sample to retain adequate legal representation.

272. Unnamed Defendant, Judge Orel's behavior, including repeatedly harassing and ridiculing Plaintiff, Jackie Sample's efforts to find competent counsel by targeted bullying Plaintiff, Jackie Sample, stating derogatory comments aloud in court, further undermines Plaintiff, Jackie Sample's access to due process and justice.

273. Judicial Misconduct and Bias: Unnamed Defendants, Judge Kenton Skarin and Judge James Orel, exhibited bias in favor of Defendant, Dr. Madison Sample, by ignoring Plaintiff Jackie Sample's motions and evidence of financial abuse. Unnamed Defendant, Judge Kenton Skarin's failure to scrutinize Defendant, Dr. Madison Sample's falsified financial affidavit further denied Plaintiff her right to a fair trial

274. Collusion and Obstruction: Upon information and belief, Defendant, Attorney John Conniff, willfully submitted falsified financial affidavits to the court and colluded with Unnamed Defendants, Judges Kenton Skarin andJames Orel, Defendant, Dr. Madison Sample, and Defendants, Beermann LLP, including Attorneys Matthew Elster and Katherine Michelson Homburger, thereby obstructing Plaintiff Jackie Sample's ability to secure representation and pursue equitable distribution of marital assets

275. Conflict of Interest and Improper Agreement with Opposing Counsel: Around June 2023, Plaintiff Jackie Sample consulted with Defendants, Beermann LLP, Unnamed

Defendant Candace Meyers, where she disclosed personal strategies and detailed information regarding Plaintiff, Jackie Sample's divorce case.

276. Subsequently, an unusual agreement was made between Defendants, Beermann LLP, Unnamed Defendant, Attorney Candace Meyers, Defendant, Attorney John Conniff, and Defendant, Dr. Madison Sample, whereby Plaintiff, Jackie Sample was informed that Defendant, Dr. Madison Sample, would pay Plaintiff, Jackie Sample's retainer fees for Defendants, Beermann LLP and Unnamed Defendant, Attorney Candace Meyers.

277. This arrangement, made without Plaintiff, Jackie Sample's consent, raises concerns about undue influence and manipulation by Defendant, Attorney John Conniff and Defendant, Madison Sample

278. Misrepresentation and Withholding of Marital Funds: Defendants, Beermann LLP, Attorneys Matthew Elster and Katherine Michelson Homburger, willfully accepted Defendant, Dr. Madison Sample's falsified financial affidavit without due diligence.

279. This affidavit concealed the true financial position of Defendant, Dr. Madison Sample and Plaintiff, Jackie Sample's true financial estate. hindering Plaintiff Jackie Sample's ability to secure funds for basic human living needs

280. Withholding of Health Insurance: Defendants, Beermann LLP, specifically Attorney Matthew Elster, Defendant, Dr. Madison Sample, and Unnamed Defendant, Judge James Orel willfully withheld or allowed Plaintiff, Jackie Sample's health insurance to be withheld for over seven months, using it as a tool of intimidation, coercive control, and harassment to pressure Plaintiff, Jackie Sample into accepting an unreasonable egregious settlement.

281. During the divorce proceedings, Defendant, Attorney Matthew Elster willfully misrepresented health insurance in court proceedings that Defendant, Dr. Madison Sample, had been providing and paying for health insurance as court order for Plaintiff, Jackie Sample.

282. Defendant, Dr. Madison Sample had only made a one-time payment for Plaintiff, Jackie Sample's Health insurance, leaving Plaintiff, Jackie Sample uninsured for months. (Include proof of withheld health insurance.

283. Alteration of Court Orders: Defendant, Attorney Matthew Elster, has a pattern of altering court orders to favor Defendant, Dr. Madison Sample, thereby manipulating the judicial process, causing harm to Plaintiff, Jackie Sample.

284. Around January 2024, court transcripts show Unnamed Defendant, Judge James Orel, ordering Plaintiff Jackie Sample's car to be repaired; however, Defendant, Attorney Matthew Elster, willfully omitted this instruction from the written order. Similarly, he altered a December 2023 order for monthly payments to reflect a one-time payment( Court transcripts as evidence.

285. Unethical Practices and Misconduct by Beermann LLP: Defendants, Beermann LLP, Attorney Matthew Elster and Katherine Michelson Homburger have engaged in unethical practices, including willfully covering up Defendant Dr. Madison Sample's falsified financial affidavits, using targeted bullying, harassment, intimidation, coercive control and perpetuating Defendant, Dr. Madison Sample's financial strangulation and abuse.

286. Defendant, Beermann LLP, Attorney Matthew Elster, and Katheryn Michelson Homburger's egregious behavior of constant coercive control, targeted bullying and financial abuse, repeatedly violated Plaintiff, Jackie Sample's Civil, Human, and Constitutional rights, causing significant financial hardship and financial loss

287. Coercive Control and Intimidation Tactics: Defendants, Beermann LLP, Defendant, Attorney John Conniff, Attorney Matthew Elster, Attorney Katheryn Michelson Homburger and Defendant, Dr. Madison Sample, have willfully employed coercive control, intimidation, harassment and other illegal tactics to gain an unjust legal advantage over Plaintiff, Jackie Sample.

288. Defendants, Beermann LLP, Defendant, Attorney John Conniff, Attorney Matthew Elster, Attorney Katheryn Michelson Homburger and Defendant, Dr. Madison Sample's actions include willfully withholding marital funds to prevent Plaintiff, Jackie Sample from human Basic needs such as, food, working utilities, reliable transportation, health insurance, prescriptions, medical treatment, the right to basic quality of life, dignity and more, willfully filing motions with falsified information, altering court orders to pressure Plaintiff, Jackie Sample into accepting an unreasonable and unjust settlement of the accurate value of the Sample's financial estate

289. Pattern of False Statements and Retaliation: Unnamed Defendant, Judge James Orel, Defendants and Attorney Matthew Elster has made false statements during court proceedings to mislead the court process and protect Defendant, Dr. Madison Sample.

290. Upon challenging these falsehoods, Defendants, Attorney Matthew Elster of Beermann LLP, willfully filed retaliatory motions containing falsified claims designed to intimidate, harass, coerce and and illegally force Plaintiff, Jackie Sample to act in ways that is harmful to Plaintiff, Jackie SAMPLE. (Include the retaliatory motion as evidence.)

291. Harm Caused by Ongoing Misconduct: The actions of Defendant, Attorney John Conniff, Defendant, Attorney Matthew Elster, Defendant, Attorney Katherine Michelson Homburger, in collaboration with Defendant, Dr. Madison Sample, and Unnamed Defendant, Judge James Orel have caused Plaintiff, Jackie Sample significant financial abuse, irreparable psychological trauma, emotional distress, financial harm, and more.

292. These actions have resulted in severe physical, irreparable emotional, psychological harm and mental anguish, denying Plaintiff due process, undermines Plaintiff's access to justice.

Request for Relief:

WHEREFORE, the Petitioner, Jackie Sample, respectfully requests that this Honorable Court:

1. Conduct a formal investigation into the judicial misconduct, bias, and hostility demonstrated by Judge James Orel in my case.
2. Review and reconsider all rulings made by Judge Orel, particularly those relating to the financial status quo, the sale of marital assets, and sanctions imposed on Plaintiff, Jackie Sample using falsified court filings by Defendants, Attorney Matthew Elster and Katherine Michelson Homburger of Beermann LLP.
3. Compel Defendant, Dr. Madison Sample to allow Plaintiff, Jackie Sample to access her financial estate to retain a qualified forensic accountant to investigate the dissipation of hundreds of thousands and hiding millions in marital assets by Defendant, Dr. Madison Sample, as opposed to Defendant, Attorney Andrew Cores, a divorce attorney with no forensic expertise.
4. Reinstate the financial status quo to prevent further financial abuse and allow Plaintiff, Jackie Sample to meet basic human necessities such as food, healthcare, utilities, and work resources.
5. Immediate intervention to prevent, Plaintiff, Jackie Sample's buildings from being lost due to unpaid Taxes and mortgages in arrears .
6. Issue an order of protection against further intimidation, harassment, targeted bullying, threats both inside and outside of the courtroom, related to this case.
7. Grant any other relief that this Honorable Court deems just and proper in light of the extreme judicial bias and misconduct in this case.

293. Factual Background: Defendant, Attorney Andrew Cores is a divorce attorney.

294. Upon information and belief, Defendant, Attorney Andrew Cores, who is a divorce attorney practicing family law has no training in forensic accounting.

295. In Fact, Defendant, Attorney Andrew Cores is not an accountant and has no training in accounting.

296. Defendant, Attorney Andrew Cores was appointed by Unnamed Defendant, Judge James Orel

297. Upon information and belief, Defendant, Attorney Andrew Cores was appointed to the Sample divorce case in an attempt to aid Defendant, Dr. Madison Sample cover up hundreds of thousands of ongoing financial dissipation, wire fraud, and hiding millions in marital assets by Defendant, Dr. Madison Sample:

298. Defendant, Attorney Andrew Cores makes misleading statements inside of the courtroom.

299. Defendant, Attorney Andrew Cores' misleading statements began during his first appearance on Plaintiff, Jackie Sample's Case. Attorney Andrew Cores stated that, he had spoken to both parties, but in fact, Defendant, Attorney Andrew Cores had spoken with Defendants named in this lawsuit but did not speak with Plaintiff, Jackie Sample.

300. Plaintiff, Jackie Sample tried to reach Defendant, Attorney Andrew Cores prior to Defendant, Attorney Andrew Cores appearance in court.

301. In fact, Defendant, Attorney Andrew Cores only responded via email after Plaintiff, Jackie Sample sent an Open Letter Email regarding not being able to reach Defendant, Attorney Andrew Cores.

302. Defendant, Andrew Cores', financial report contains false statements, inaccurate and incomplete financial information.

303. Defendant, Attorney Andrew Cores's financial report is riddled with misleading information, intended to obstruct Plaintiff, Jackie Sample's access to justice.

304. The financial report is willfully misrepresented, depriving Plaintiff, Jackie Sample of basic human rights, to wear Plaintiff, Jackie Sample down. The report is willfully misleading to manipulate the legal process for Defendant, Madison Sample's, gain.

305. The ongoing actions of Defendant, Attorney Andrew Cores, in collaboration with the Defendant Dr. Madison Sample, have caused significant emotional distress, financial hardship, and legal harm.

306. Presiding judge, James Oral appointed attorney, Andrew Cores as a Financial expert instead of appointing an experienced forensic accountant, someone trained in tracking dissipation of hundreds of thousands and millions in hidden assets, by Defendant, Dr. Madison Sample.

307. In addition to not having forensic accounting qualifications or formal training in accounting, Defendant, Attorney Andrew Cores is a divorce attorney with 25 years in domestic relations matters, and has no formal training in accounting.

308. Defendants, Attorneys Mathew Elster and Andrew Cores, make falsified statements, and Judge Orel's responses appear rehearsed, as if Defendants, Attorneys Mathew Elster and Andrew Cores, and Judge James Orel are coordinating and scripting their responses.

309. For example, when Attorneys Mathew Elster and Andrew Cores make misleading statements in court, Judge Orel visibly shifts his body in apparent disgust toward me and responds with additional misleading statements. This behavior suggests that the misleading statements from Attorneys Elster and Cores are truthful when they are not.

310. Judge Orel continually asks Defendant Attorney Andrew Cores if the Sample Estate have money available for me to use for retaining an attorney, work resources, and retaining a forensic accountant.

311. Defendant Attorney Andrew Cores responses to Unnamed Defendant, Judge James Orel's questions regarding the Sample's finances are misleading, as though this matter and its responses have been previously discussed among the Defendant, Attorney Andrew Cores, Unnamed Defendant, Judge James Orel and other Defendants named in this lawsuit.

312. The Defendants and Judge Orel continue keeping me without funds to retain a forensic accountant, adequate legal representation, work resources, and basic human needs, and denying my due process.

313. Defendant, Attorney Andrew Cores and Plaintiff, Jackie Sample's previous Attorney, Alicia Fitz, used manipulation and deceptive practices to prevent Plaintiff, Jackie Sample from attending the 201K meeting with a forensic accountant, who had volunteered their time to observe the meeting with Plaintiff, Jackie Sample.

314. Defendant, Attorney Andrew Cores exhibits behavior and actions which are not impartial

315. Defendant, Attorney Andrew Cores lacks training in accounting, specifically forensic accounting, yet Defendant, Attorney Andrew Cores is repeatedly billing the Sample's estate for financial expert services, to further deplete Plaintiff, Jackie Sample's share of her distribution of marital assets.

316. Defendant, Attorney Andrew Cores does not have training in accounting at all. In fact, I question Defendant, Attorney Andrew Cores being appointed to a high asset case such as mine, with hundreds of thousands in dissipation and millions hidden by Defendant, Madison Sample.

e. These actions have resulted in severe emotional harm, emotional duress, psychological trauma, mental anguish, and significant financial loss. The

Plaintiff Jackie Sample requests that Defendant, Attorney Andrew Cores be held fully accountable for his egregious conduct and that the court grant Jackie the requested $25,000,000 for compensatory and punitive damages.

Plaintiff also respectfully seeks the Court to hold Defendant, Attorney Andrew Cores accountable for aiding Defendant, Dr. Madison Sample in Domestic Abuse. and to award compensatory and punitive damages for the significant harm he CONTINUES to cause through:
- Intentional deprivation of basic needs, including medical insurance, leading to health decline
- Withholding of financial support for essential needs, such as food, utilities, car repairs, transportation, medical care, prescriptions, mental health care, vacations
- Financial isolation, denying Plaintiff access to transportation, personal care, eyeglasses, and medications
- Financial deprivation, causing severe trauma and stress

- Restricting Plaintiff's access to work resources, church services, parental care, vacations, home maintenance, and other reasonable quality-of-life aspects
- Deliberately allowing Plaintiff's real estate to go into foreclosure for purposes of control and manipulation to willfully harm Plaintiff, Jackie Sample..

**Respectfully submitted,**

**Jackie Sample**

**9476 Falling Water DR E**

**Burr Ridge IL 60527**

**jackshousinganddevelopment@gmail.com**

**(773)719-0337**