IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-cv-12470 |
| | ) | |
| DR. MADISON SAMPLE, *et al*, | ) | Judge Sunil R. Harjani |
| | ) | |
| Defendants, | ) | Magistrate Judge Heather K. McShain |

### CORES DEFENDANTS' MOTION TO DISMISS

The Defendants, Andrew Cores and Andrew Cores Family Law Group, through counsel, Daniel B. Meyer of Meyer Law Group LLC, respectfully request that this Court dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Andrew Cores and Andrew Cores Family Law Group state as follows:

### I. SUMMARY

Unhappy with rulings being made in her ongoing DuPage County divorce case, the Plaintiff, Jackie Sample ("Sample"), has come to federal court in hope of finding a forum that might provide her with better results. The complaint she filed in this Court is a rambling and unorganized conglomeration of allegations against fifteen defendants and four "unnamed defendants" for violating a multitude of federal and state laws (constitutional, statutory and common law) that leaves the reader wondering which defendant purportedly violated which law.

Two of those defendants are Andrew Cores and Andrew Cores Family Law Group (collectively "Cores"). Sample's divorce judge appointed Andrew Cores as its financial expert, and he thus prepared a preliminary report regarding the financial affairs of Sample and her ex-husband-to-be, which Sample contends misrepresented their financial affairs.

1

Cores asks this Court to dismiss the Complaint them because, as a court-appointed expert being sued for things he did or failed to do in that role, Cores is entitled to absolute judicial immunity. Alternatively, Cores asks this Court to either (a) abstain from exercising jurisdiction in this case under the *Colorado River* abstention doctrine, or (b) dismiss the Complaint for violating Rule 8 of the Federal Rules of Civil Procedure and thereby failing to state a cause of action against them.

## II.     THE COMPLAINT

On December 4 2024, Sample, filed her Complaint against multiple Defendants. (Dkt. 1). They include: (a) Madison Sample ("Dr. Sample"); (b) John Conniff and John Conniff Law Office ("Conniff Defendants"); (c) Matthew Elster, Kathryn Mickelson Homburger and Beerman LLP ("Beerman Defendants"); (d) Meighan Harman, Tracey Wertz and Schiller, DuCanto & Fleck LLP ("Schiller Defendants"); (e) Ashonta Rice and Akiwowo Law Group PC ("Akiwowo Defendants"); (f) Cores; and (g) the DuPage County Courthouse and DuPage County. (Dkt. 1, p. 2, ¶¶ (b)-(m)).

"Unnamed Defendants" include two DuPage County judges, the Honorables Kenton Skarin and James Orel, as well as two other attorneys, Alycia Fitz and Masah SamForay. (Dkt. 1, p. 2, ¶¶ (l)-(o)).

The Complaint seeks to address various purported violations of Sample's civil, human and constitutional rights, and a list of purported violations of statutory and common law duties. (Dkt. 1, p. 6 "Now Comes…"). Spanning sixty-three single-spaced pages, the Complaint sets forth at least 316 paragraphs, not including: subparagraphs, seventeen mis-lettered paragraphs identifying the parties (Dkt. 1, p. 2), and fifteen-odd paragraphs constituting a "Personal Statement" (Dkt. 1, pp. 3-5). It is generally difficult to follow, and the effort is exacerbated by page 17, which consists

of what appear to be multiple pages of text photocopied onto a single sheet of paper.[1]

However, this much can be gleaned and summarized. Sample and Dr. Sample are husband-and-wife. (Dkt. 1, p. 6, ¶ 3). On February 7 2023, Dr. Sample filed a petition for dissolution of marriage in the Circuit Court for the Eighteen Judicial Circuit, DuPage County, Illinois ("Underlying Litigation"). (Dkt. 1, p. 24, ¶ 26). Judge Skarin initially presided over the Underlying Litigation; Judge Orel presided since a date indiscernible from the Complaint and until his December 31 2024 retirement (the Judges are collectively the "Underlying Court").[2]

From a very high level, Sample contends that Dr. Sample has understated his income, hidden the existence of or misstated the value of marital assets, and has otherwise dissipated marital assets. She further contends that he has used various means of threats, intimidation and harassment to conceal his purported wrongdoing, and that he has violated various orders entered by the Underlying Court. She contends that these acts by Dr. Sample violate a variety of federal and state statutes and common law rights she possesses. (Dkt. 1, pp. 7-25).

Against the Conniff Defendants, Sample alleges that they represent Dr. Sample in the Underlying Litigation. She further alleges that they have colluded with Dr. Sample in his efforts to conceal his income and assets, made false representations to the Underlying Court, interfered with her efforts to retain counsel and otherwise intimidated her. (Dkt. 1, pp. 33-37).

Against the Beerman Defendants, Sample alleges that she consulted them after Dr. Sample filed the Underlying Litigation but before she retained counsel, that she shared with them her litigation strategy, and that the Beerman nonetheless later joined Dr. Sample's legal team. She also alleges that the Conniff Defendants and the Beerman Defendants have colluded with each

---

[1] The Complaint has two sets of paragraphs 236 through 242. *Compare*, Dkt. 1, pp. 52-53, ¶¶ 236 through 242, and p. 54, ¶¶ 236 through 242. It also references a number of exhibits, but attaches none of them.
[2] Judge Orel retired effective December 31 2024. Though Cores cannot cite to the Complaint for this fact, the fact is not material to the Motion.

other in concealing Dr. Sample's income and assets, in making false representations to the Underlying Court, and in otherwise intimidating her. (Dkt. 1, pp. 38-45).

Against the Schiller Defendants, Sample alleges that they served as her first attorneys in the Underlying Litigation. She seems to allege that they committed legal malpractice in myriad ways before they withdrew as her counsel in June 2023. (Dkt. 1, pp. 24-32). She makes similar allegations against the Akiwowo Defendants, her second attorneys. (Dkt. 1, pp. 45-48).

Against the Underlying Court – and "Unnamed Defendant" Judge Skarin in particular – Sample alleges that the Underlying Court entered orders that violated her rights, refused to enforce orders against Dr. Sample or to otherwise require Dr. Sample to conform his conduct to Illinois law, assisted Dr. Sample's counsels in their representation of Dr. Sample, and denied Sample her procedural due process right to be heard. (Dkt. 1, pp. 48-53). She makes similar allegations of bias, hostility and due process violations against Judge Oren. However, she further alleges that the Underlying Court (both Judges) have colluded with Dr. Sample and his attorneys (the Conniff and Beerman Defendants) in a variety of ways, all designed to further Dr. Sample's goals of concealing his income and assets, and his dissipation of marital assets. (Dkt. 1, pp. 53-60).[3]

Against Cores, Sample alleges that the Underlying Court appointed Andrew Cores as its financial expert even though he is a divorce attorney, not an accountant, and he has no formal training in forensic accounting.[4] She also alleges that the Underlying Court made this appointment to further Dr. Sample's goals of concealment, and that the report Cores made to the Underlying Court misrepresented the state of the Samples' financial affairs. (Dkt. 1, pp. 60-63)

---

[3] The Complaint identifies Judges Skarin and Orel as "Unnamed Defendants," but seeks affirmative relief against them. See, Dkt. 1, p. 53, Wherefore clause (Judge Skarin), and p. 60, Wherefore clause (Judge Orel).
[4] The Underlying Court's appointment of Cores as a financial expert is attached as Exhibit A. This Court may take judicial notice of the appointing order without converting this Motion to one for summary judgment. GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997).

4

The Complaint seeks to recover $50,000,000 from Dr. Sample, and $25,000,000 from every other named Defendant. There are fourteen other Defendants, not including the four "Unnamed Defendants," such that the Complaint seeks to recover $400,000,000. (Dkt. 1, p. 5, ¶ 4).

### III. STANDARD OF DECISION

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint to state a claim upon which a court can grant relief. Hallinan v. Fraternal Order of Police Chicago Lodge 7, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Seventh Circuit has offered further direction on what a complaint must do to withstand dismissal for failure to state a claim. In Pugh v. Tribune Co., 521 F.3d 686 (7th Cir. 2008), the Court explained that "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the factual allegations must "raise a right to relief above the speculative level." *Id*., at 699. Similarly, the Court remarked in Swanson v. Citibank, N.A., 614 F.3d 400 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Id*., at 403 (*emphasis in original*).

### IV. ARGUMENT

**A. The Complaint Should Be Dismissed Against Cores Because, As A Court-Appointed Expert, Andrew Cores Is Absolutely Immune From Liability.**

Cores asks the Court to dismiss the Complaint as against them because, as a court-

5

appointed expert, Andrew Cores is absolutely immune from liability for damages when acting at the appointing court's direction. Here, whatever claims Sample makes against Cores arise out of their acts undertaken at the Underlying Court's direction.

Seventh Circuit precedent holds that "court-appointed experts…are absolutely immune from liability for damages when they act at the court's direction." Cooney v. Rossiter, 583 F.3d 967, 970 (7th Cir. 2009). In *Cooney*, the plaintiff lost custody of her children after a state court found, on the basis of a court-appointed expert psychiatrist's report, that she suffered from a psychological condition that put her children at risk of harm. She then sued the state court judge, a court-appointed child representative, and the court-appointed expert psychiatrist, claiming constitutional violations. 583 F. 3d at 969-70. In providing court-appointed experts with the same degree of immunity afforded to the judiciary, the Seventh Circuit explained:

> They are arms of the court, much like special masters, and deserve protection from harassment by disappointed litigants, just as judges do. Experts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding need absolute immunity in order to be able to fulfill their obligations "without the worry of intimidation and harassment from dissatisfied parents.

*Id*., at 970.

Illinois law is in accord with Seventh Circuit precedent, and extends the concept of absolute judicial immunity to court-appointed experts. *See, e.g.*, Heisterkamp v. Pacheco, 2016 IL App (2d) 150229, ¶ 11, 47 N.E.3d 1192, 1195 (2nd Dist. 2016) (court-appointed psychologist); Davidson v. Gurewitz, 2015 IL App (2d), ¶ 10, 48 N.E.3d 1129, 1132 (2nd Dist. 2015) (court-appointed child representative); Vlastelica v. Brend, 2011 IL App (1st) 102587, ¶ 35, 954 N.E.2d 874, 883 (1st Dist. 2011) (court-appointed child representative).

Here, the Underlying Court appointed Cores as its financial expert under the authority of 750 ILCS 5/503(l) ("The court may seek the advice of financial experts or other professionals,

whether or not employed by the court on a regular basis…"). The Complaint alleges that Cores, in the role of the Underlying Court's financial expert, prepared a report that misrepresented the Samples' income, assets and liabilities. In other words, Cores's supposed misdeeds arose from them acting at the Underlying Court's jurisdiction. As a court-appointed expert, Cores is absolutely immune from liability for damages arising from a report he prepared at the Underlying Court's direction. *Cooney*, 583 F.3d at 970; *Heisterkamp*, 47 N.E.2d at 1195; *Davidson*, 48 N.E.3d at 1132; *Vlastelica*, 954 N.E.2d at 883. Absent such immunity, Cores would be subject to "harassment from disappointed litigants" (*Cooney*, 583 F.3d at 970) like Sample.

Because the Underlying Court appointed Andrew Cores as its financial expert, and because Sample's claims against Cores arise out of the preparation of a financial report at the Underlying Court's direction, they are absolutely immune from liability for damages. The Complaint, as against them, should thus be dismissed with prejudice.

**B.     The Complaint Should Be Dismissed Under *Colorado River* Abstention.**

In the alternative to the preceding argument, Cores asks the Court to abstain from exercising jurisdiction here because doing so would intrude upon the Underlying Court's independence and its ability to resolve the Underlying Litigation.

Under well-established abstention doctrines, federal courts may, and often must, decline to exercise jurisdiction where doing so would intrude upon the independence of state courts and their ability to resolve cases pending before them. Antosh v. Village of Mt. Pleasant, 99 F.4th 989, 993 (7th Cir. 2024). Regardless of which abstention doctrine is at issue, they all implicate, to some degree or another, principles of equity, comity and federalism that lie at the core of our constitutional system. *Id*.

Relevant here, *Colorado River* abstention permits a federal court to "defer to a concurrent

7

state court case in exceptional circumstances where abstention would promote 'wise judicial administration.'" *Id*., *citing* Colorado River Water Conservation District v. United States, 424 U.S. 800, 818, 96 S.Ct. 1236 (1976). The doctrinal bases underlying *Colorado River* abstention include the conservation of judicial resources, the desirability of avoiding duplicative litigation and conflicting rulings, and the benefits of promoting a comprehensive disposition of the parties' dispute in a single forum. *Antosh*, 99 F.4th at 993.

Consideration of whether *Colorado River* abstention is appropriate involves a two-step inquiry: (a) whether the federal and state actions are parallel, and (b) if so, whether exceptional circumstances exist to support a stay or dismissal of the federal action. *Id*.

**1.     The Underlying Litigation And This Action Are Parallel**

The Underlying Litigation and this action are parallel because both involve substantially the same parties and substantially the same issues.

When considering whether the federal and state actions parallel, those actions need not be mirror images. *Id*. Rather, they are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id*., at 993-994. The critical inquiry is whether there is a substantial likelihood that the state litigation will dispose of all the claims presented in the federal case. *Id*.

Here, the Underlying Litigation and this case turn on the same operative facts. In the Underlying Litigation, Sample complains that Dr. Sample has misrepresented his income, hidden marital assets or understated their value, dissipated marital assets, and used intimidation and harassment to further his concealment. (Dkt. 1, pp. 7-25). She makes those same complaints here.

She further alleges, by way of a motion filed in the Underlying Litigation, that Dr. Sample's counsel, Conniff, has misrepresented facts to the Underlying Court (Dkt. 1, p. 34, ¶¶ 97 and 98)

and engaged in retaliatory legal actions (Dkt. 1, p. 35-36, ¶ 101). She makes those same complaints here.

Relative to the Beerman Defendants, she alleges that, in the Underlying Litigation, a dispute arose regarding Dr. Sample's funding of her health insurance, and that she unsuccessfully attempted to address that issue with the Beerman Defendants. (Dkt. 1, p. 41, ¶¶ 130-34. She makes those same allegations here.

Regarding the Underlying Court, Sample filed various motions for relief, which were denied. For example, before Judge Skarin, she filed a petition for rule to show cause, which was denied. (Dkt. 1, p. 49, ¶¶ 198-201). For another, before Judge Orel, she requested an extension of a protective order, which was denied. (Dkt. 1, pp. 53-54, Now Comes and ¶ 236). She makes those same allegations here.

In other words, she has already made the substance of the allegations in the Underlying Litigation that she now makes in this case. While it may be that Sample did not cite in the Underlying Litigation the entire litany of state and federal laws (constitutional, statutory and common law) that she cites here, that is of no moment when considering whether the Underlying Litigation and this case are parallel for *Colorado River* abstention purposes.

The parallel nature of concurrent cases cannot be dispelled by packing the same issues under different causes of action. *Antosh*, 99 F.4th at 995. Moreover, application of the various abstention doctrines does not demand an "exact fit between the federal and state cases." *Id.*, at 994. Rather, that application is "flexible and requires a practical judgment informed by principles of comity, federalism, and sound judicial administration." *Id*.

In the Underlying Litigation, she has accused virtually all of the same parties of undertaking virtually all of the same conduct that she now complains of here. The case Sample

9

filed before this Court runs parallel to the already existing Underlying Litigation, answering the first *Colorado River* abstention inquiry.

## 2. Exceptional Circumstances Exist To Support Dismissal Of This Action

Exceptional circumstances exist to support dismissal of this action, in particular Sample's forum-shopping, and her requests that this Court review the Underlying Court's decisions and, essentially, remove the Underlying Litigation to federal court.

In Loughran v. Wells Fargo Bank, N.A., 2 F.4th 640 (7th Cir. 2021), the Seventh Circuit recognized a number of factors that may be considered when determining whether exceptional circumstances exist to support the dismissal or stay of a federal action under *Colorado River* abstention. Those factors include: (1) whether the case concerns rights in property, and if so, whether the state has assumed jurisdiction over that property; (2) the inconvenience of the federal forum; (3) the desirability of consolidating litigation in one place—that is, the value in avoiding "piecemeal" litigation; (4) the order in which jurisdiction was obtained in the concurrent fora; (5) the source of governing law—federal or state; (6) the adequacy of the state court action to protect the federal plaintiffs' rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (1) whether the federal action is vexatious or contrived. *Id*., at 647. In *Antosh*, the Court observed that this list is designed to be helpful, not a straitjacket, and that different considerations may be pertinent in some cases but irrelevant in others. *Id*., 99 F.4th at 995-96.

Most useful in this case is the tenth factor. Sample's federal action is vexatious and contrived. She is forum-shopping. She has litigated issues pertinent to marital dissolution proceedings in the Underlying Litigation and, not satisfied with the results thus far, has turned to this Court as perhaps providing a more advantageous forum in which to litigation those issues.

10

Forum-shopping is improper. *Id*., at 995-96.

Worse, she is asking this Court to, in part, sit as a court-of-review over the Underlying Court and, in part, to remove the Underlying Litigation to federal court. In the section of the Complaint devoted to Judge Skarin (Dkt. 1, pp. 48-53), Sample requests that this Court "[r]eview the actions of Unnamed Defendant, Judge Kenton Skarin regarding ongoing judicial bias and misconduct." (Dkt. 1, p.53, Wherefore clause). In the section of the Complaint devoted to Judge Orel (Dkt. 1, pp. 53-60), she similarly asks this Court to "review and reconsider all rulings made by Judge Orel." (Dkt. 1, p. 60, Wherefore clause). What Sample fails to recognize is that lower federal courts are not courts of appeal from state court decisions. Gilbert v. Ill. State Bd. Of Educ., 591 F.3d 896, 900 (7th Cir. 2010), *citing* Exxon Mobil Corp. v. Saudi Indus. Corp., 544 U.S. 280, 283-84, 125 S.Ct. 1517 (2005).

Not only is Sample asking this Court to sit in review of the Underlying Court, she goes further and actually requests that this Court assume the adjudication of the Underlying Litigation, effectively attempting to remove the Underlying Litigation to federal court. For example, she requests that this Court reinstate the financial status quo between her and Dr. Sample and deny a motion to force the sale of the marital home. (Dkt. 1, p. 53, Wherefore clause). She also asks this Court to compel Dr. Sample to allow Sample access to funds to retain a forensic accountant, to issue orders protecting real estate Sample claims to own, and to issue an order of protection. (Dkt. 1, p. 60, Wherefore clause). This the Court may not do because it lacks subject-matter jurisdiction over marital dissolution proceedings, and because the domestic-relations exception to diversity jurisdiction (assuming diversity, which there is not) bars district courts from adjudicating marital dissolution matters. Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S.Ct. 2202 (1992).

Cores suggests that the Court, if it abstains from exercising jurisdiction under *Colorado*

11

*River* abstention, should dismiss this case, rather than stay it pending the outcome of the Underlying Litigation, because Sample's appellate remedies at the conclusion of the Underlying Litigation lie not with this Court, but with the Illinois Appellate Court. More specifically, the *Rooker-Feldman* doctrine generally precludes federal district courts from sitting as courts-of-review over state court judgments. *Gilbert*, 591 F.3d at 901, *citing* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, S.Ct. 149 (1923), and District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 468, 103 S.Ct. 1303 (1983). Thus, if at the end of the Underlying Litigation, Sample is dissatisfied with the judgment entered in that case, and even if she still maintains at that point that her due process rights were violated during the course of the Underlying Litigation, her avenue of appeal remains with the Illinois Appellate Court. She will be able to take her arguments to that Court, and then to the Illinois Supreme Court and the United States Supreme Court. *Gilbert*, 591 F.3d at 901 (absent exclusive jurisdiction, "either the federal or state courts are competent to adjudicate questions of federal law, including questions of constitutional law. State courts possess not only the authority but the duty to enforce federal law.").

Given the above, Cores asks this Court to abstain exercising jurisdiction in this, and to dismiss the Complaint. Such abstention preserves the *Colorado River* goals of conserving judicial resources, avoiding duplicative litigation and conflicting rulings, and promoting a comprehensive disposition of the parties' dispute in a single forum. *Antosh*, 99 F.4th at 993.

**C.     The Complaint Should Be Dismissed As Violating Federal Rule of Civil Procedure 8.**

In the alternative to the preceding arguments, Cores ask the Court to dismiss the Complaint in accord with Federal Rule of Civil Procedure 8(a)(2) and (d) because it is far from a "short and plain statement of the claim showing that [Sample] is entitled to relief," and the allegations themselves are neither "simple, concise, [nor] direct."

Rule 8(a)(2) states that a "pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Moreover, the allegations set forth in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, the Complaint numbers sixty-three pages of single-spaced text. In and of itself, the length of the Complaint may not place it in violation of Rule 8. But its length (equating to approximately 125 double-spaced pages) combined with its lack of any coherent organization does. Adding to the pleading's deficiencies is the fact that page 17 is illegible (not unintelligible; it actually cannot be read).

Worse, the Complaint does not set forth a cause of action for each defendant, nor does it allow the reader to discern, from the words of the pleading, what cause of action any particular defendant is being called upon to answer and defend. In the Complaint's Now Comes clause, it identifies a litany of federal and state statutes, federal constitutional principles, and perhaps even state common law claims that the Complaint seeks to vindicate, but it seeks vindication from fifteen different defendants, and apparently some of the "Unnamed Defendants," without informing those Defendants what statutory or constitutional violation(s) they purportedly committed, or what common law cause(s) of action is being asserted against them.

Cores maintains that the Complaint should be dismissed against them pursuant to the immunity afforded to them as an arm of the Underlying Court, or dismissed generally under *Colorado River* abstention. However, failing either, the Complaint should be dismissed for failing to conform to Rule 8.

**D.    The Complaint Should Be Dismissed For Failing To State A Claim Against Cores.**

In the alternative to the preceding arguments, but in close association with Cores's Rule 8

13

argument, they ask the Court to dismiss the Complaint because (a) Cores cannot even determine what cause(s) of action it is attempting to plead against them, and (b) irrespective of the cause of action the Complaint attempts to plead, it fails to allege that any undertaking by Cores has proximately caused her to incur an injury or damages.

First, the natural outgrowth of Cores's Rule 8 argument is that they cannot discern what cause of action the Complaint attempts to plead against them, and thus cannot determine whether it successfully does so. As it stands, the portion of the Complaint related to them – pages 60-63 – does not define any particular cause of action against Cores. It is not Cores's obligation to guess at what Sample is alleging they did wrong. It is her obligation to plead her case in such a way that allows Cores to understand the nature of the claim against them. She does not meet that obligation by simply slapping together a hodge-podge of allegation that *might* suggest that something has happened to her that *might* be redressed by the law. *Swanson*, 614 F.3d at 403.

Second, irrespective of whatever claim the Complaint attempts to plead against Cores, it fails to allege that anything Cores did or failed to do proximately caused her to incur an injury or damages. Sample alleges that the Underlying Court appointed Andrew Cores as its financial expert, that he thereafter prepared a financial report that he submitted to the Underlying Court, and that the report misrepresents the Samples' true financial affairs. What she does not allege is that the Underlying Court relied on that report and, in so doing, divided the marital assets in such a way that was inequitable.[5] Those missing allegations prevent Sample stating any claim against Cores to the effect that they violated some statutory or common law duty and that, as a proximate result of such violation, Sample incurred damages.

---

[5] Section 503(d) of the Illinois Marriage and Dissolution of Marriage Act requires the court to equitably divide marital assets based on a variety of stated factors. 750 ILCS 5/503(d); In re Marriage of Polsky, 387 Ill. App. 3d 126, 134, 899 N.E.2d 454, 463 (1st Dist. 2008).

For either or both of the reasons addressed, the Complaint fails to state a claim against Cores upon which relief can be granted, and should therefore be dismissed.

Wherefore, the Defendants, Andrew Cores and Andrew Cores Family Law Group, respectfully request that this Honorable Court enter an order dismissing Jackie Sample's Complaint against them with prejudice due to their absolute judicial immunity. In the alternative, Andrew Cores and Andrew Cores Family Law Group request that this Court (a) abstain from exercising jurisdiction in this instance, under the *Colorado River* abstention doctrine, or (b) dismiss the Complaint for violating Rule 8 of the Federal Rules of Civil Procedure and thereby failing to state a cause of action against Andrew Cores and Andrew Cores Family Law Group upon which relief may be granted.

Dated: <u>January 29 2025</u>.

                                          Respectfully Submitted:

                                          By:      /s/ Daniel B. Meyer
                                                 Daniel B. Meyer, counsel to Andrew Cores
                                                 and Andrew Cores Family Law Group

Daniel B. Meyer
Meyer Law Group LLC
30 North LaSalle Street
Suite 1410
Chicago, Illinois 60602
T:    312.763.6222
E:    dmeyer@meyerlex.com

**CERTIFICATE OF SERVICE**

      I, Daniel B. Meyer, certify that on January 29 2025, I caused the foregoing to be filed with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which will be served on the following counsel through the Court's CM/ECF system:

| *Pro Se* Plaintiff | Counsel for Beerman Defendants |
|---|---|
| Jackie Sample | Kimberly E. Blair |
| 9476 Falling Water Drive East | Joseph J. Stafford |
| Burr Ridge, Illinois 60527 | Robert F. Merlo |
| jackshousinganddevelopment@gmail.com | Wilson Elser LLP |
| | 55 West Monroe Street |
| | Suite 3800 |
| | Chicago, Illinois 60603 |
| | Kimberly.blair@wilsonelser.com |
| | joseph.stafford@wilsonelser.com |
| | robert.merlo@wilsonelser.com |

[All Other Counsel of Record – None Yet Appearing]

                                                  By:      /s/ Daniel B. Meyer
                                                                Daniel B. Meyer

Daniel B. Meyer
Meyer Law Group LLC
30 North LaSalle Street
Suite 1410
Chicago, Illinois 60602
T – 312.265.0565
E – dmeyer@meyerlex.com

16

**UNITED STATES OF AMERICA**

| STATE OF ILLINOIS | | COUNTY OF DU PAGE |
|---|---|---|

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

IN RE: THE MARRIAGE OF
MADISON SAMPLE JR
                         Plaintiff

AND

JACKIE L SAMPLE
                         Defendant

2023DN000129
CASE NUMBER

**FILED**
24 Feb 01   AM 10: 45

*Candice Adams*
CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

**ORDER**

This cause coming before the Court for status on Respondent's retention of counsel and Petitioner's Petition for Rule to Show Cause, Petitioner appearing through counsel, Respondent appearing *pro se*, and the Court being fully advised in the premises, IT IS HEREBY ORDERED THAT:

1. Pursuant to 750 ILCS 5/503(l), the Court, on its own motion, appoints attorney Andrew Cores as its financial expert. The cost of Mr. Cores' retainer shall be split equally by the parties without prejudice and subject to future reallocation. Mr. Cores shall meet with both parties, who shall cooperate with his invesitgation, and provide the Court and the parties with an update within 30 days of his retention.
2. Petitioner shall continue to make monthly temporary maintenance payments to the Respondent in the amount of $5,540 per month on the first of each month until further order of court. Said amounts shall be without precedent or prejudice to either party. Petitioner may stop payment on the check previously issued to Respondent for January and shall re-submit that payment to Respondent via Zelle.
3. Respondent shall have the right of first refusal to purchase the parties' marital residence on the same terms offered by any prospective purchaser. If Respondent does not exercise that right within 14 days of an offer being received, it shall be deemed forfeited.
4. Petitioner's pending petitions for rule to show cause and petition for temporary restraining order are entered and continued to trial. The temporary restraining order previously entered by this Court is extended to May 20, 2024 at 12:00 p.m.
5. Respondent is granted a final extension of time, until Febraruy 29, 2024, to retain counsel. No further requests for extension or continuance for this reason will be entertained.
6. Respondent shall have an additional 28 days, until February 29, 2024, to execute a listing agreement for the former marital residence. In the event she has not done so, a Rule to Show Cause will issue against Respondent, returnable for hearing, instanter, on March 18, 2024 at 9:25 a.m.
7. This matter is continued for (i) status on Mr. Cores' investigation and (ii) return of rule to show cause/hearing on indirect civil contempt in the event Respondent has not executed a listing agreement to March 18, 2024 at 9:25 a.m. in Courtroom 3012.

Sample v. Sample
**Cores Motion to Dismiss**
**Ex A**

Submitted by: MATTHEW ELSTER
Attorney Firm: BEERMANN LLP
DuPage Attorney Number: 4620
Attorney for: MADISON SAMPLE

Entered: *James D. Orel*    Date: 02/01/2024
JUDGE JAMES D OREL

Address: 161 N CLARK ST, STE 3000
City/State/Zip: CHICAGO, IL, 60515
Phone number: 312-621-1232
Email : mdelster@beermannlaw.com

Validation ID : DP-02012024-1045-03969

Date: 02/01/2024