

FILED
3/19/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jackie Sample, | ) |
|     Plaintiff | ) |
| v. | ) |
| | ) 1: 24-cv-12470 |
| Dr. Madison Sample, et al., | ) Judge Sunil R. Harjani |
| | ) |
|     Defendants. | ) |

**MOTION TO VACATE DISMISSAL FOR WANT OF PROSECUTION**

Now comes Plaintiff, Jackie Sample and as for her Motion to Vacate Dismissal for Want of Prosecution states as follows:

1. On March 12, 2025, the Court dismissed the case for want of prosecution for the reasons that were stated on the record and denied Defendants' motion to dismiss as moot. (Dkt. # 21)

2. Plaintiff failed to appear on 1/29/2025, 2/25/2025, and 3/12, 2025 and did not notify the court that she would not appear or had a scheduling conflict.

3. On March 13, 2025, the court entered a judgment and dismissed the case for want of prosecution and without prejudice. (Dkt. # 23)

4. Plaintiff seeks to vacate the dismissal and asks for sixty days to respond to Defendant's Motion to Dismiss and/or in the alternative leave to file an amended complaint to cure any defects.

**LEGAL**

5. Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or

1

other misconduct of an adverse party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Fed. R. Civ. P. 60(b)(5); and any other reason justifying relief from the operation of the judgment, Fed. R. Civ. P. 60(b)(6).

6. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

## DISCUSSION

7. A dismissal for failure to prosecute is a harsh sanction. *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)

8. Plaintiff has not received the notifications of the court date and has been under severe and extreme duress. She has matter regarding the divorce proceedings that are alleged in the complaint and Dr. Madison Sample has not complied with state orders to provide financial support to Plaintiff.

9. Plaintiff has been without finances and transportation, and has to do everything just to keep her utilities on. This had led to extreme duress, and Plaintiff has inadvertently missed the court dates and has not responded.

10. Plaintiff attempted to reach the Hibbler desk but there were unavailable at the time.

11. Plaintiff realizes the importance of communication with the Court and Defense counsel and assures she will comply with all future orders of the court. In addition, Plaintiff has simultaneously filed with this motion an appearance that allows her to receive communication

via e-mail.

12.     Plaintiff requests the Court to construe her motion to vacate as a request for relief under Fed. R. Civ. P. 60(b)(1), which permits the Court to grant relief from a final order or decision based upon a showing of excusable neglect.

13.     The motion has been brought within a "reasonable time." See Fed. R. Civ. P. 60(c).

WHEREFORE, Jackie Sample respectfully requests the following relief:

A.     Vacate the dismissal and reinstate the case:

B.     Grant her time to respond to the Motion to dismiss or leave to file an amended complaint;

C.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted;

By: /s/ Jackie Sample

Jackie Johnson-Sample
9476 Falling Water Drive E
Burr Ridge, Illinois 60527
773-719-0337
jackshousingandconstruction@gmail.com